(85 App. Div. 362.)

## T. B. CLARK CO. v. MT. MORRIS BANK.

(Supreme Court, Appellate Division, First Department.   July 7, 1903.)

1. BANKS—REFUSAL TO PAY CHECK—DAMAGES.

    In an action against a bank for damages caused by its refusal to pay a check and note of plaintiff, although there was a sufficient deposit to plaintiff's credit, where it appeared that the refusal was the result of a clerk's mistake, and there was no allegation of special damage, only nominal damages could be recovered.

    Hatch, J., dissenting.

Appeal from Trial Term, New York County.

Action by the T. B. Clark Company against Mt. Morris Bank. From a judgment for plaintiff for nominal damages, it appeals.   Affirmed.

The action is brought to recover damages claimed to have been sustained by the plaintiff because of the defendant's failure to pay on presentation a check for $57.38 and a note for $116.42, although upon both occasions the plaintiff had to its credit sufficient funds for that purpose.   In the case of the note, the complaint alleged that it was presented and dishonored upon two occasions, but no proof of any second presentation or dishonor was made upon the trial.   The complaint then alleged that these acts "were occasioned by the gross negligence and mismanagement of the defendant, and its willful wrongful acts as above set forth, and through no fault or wrongdoing of this plaintiff, but whereby the plaintiff has sustained grievous loss and damage to its credit and business standing, to plaintiff's damage $10,000."

It was admitted in the answer and on the trial that the defendant had neglected and refused to pay the check and note, although the plaintiff had sufficient funds for that purpose in the bank; but it was also averred and shown that the failure to pay the check and the note was the result of a bookkeeper's mistake, it appearing that the regular bookkeeper was sick, and that a new bookkeeper, who was put in his place and was not familiar with the accounts, was responsible for the error.   It further appeared that the defendant, upon its attention being called to the mistakes, rectified them, so far as was practicable, by paying the check and note, and by writing letters of explanation, when the errors were discovered, to the holders of the check and the note.   The plaintiff's witness testified that he told the vice president of the bank that the first letter of explanation sent was satisfactory, and that when the plaintiff learned of the second mistake he asked for "the same class of letter to be written," which was done.   These letters and the check and note are in evidence, and therefrom it appears that the check was dated March 3, 1900, and that the letter of the bank referring to it, and dated March 12, 1900, states that the check was returned on the 7th instant, and the error on the books which caused its return had been adjusted.   The note was dated December 15, 1899, for three months, due March 15, 1900; and the letter relating to it is dated March 24, 1900, directed to Chicago, Ill., and states that the note due March 15th was returned through a bookkeeper's error.

At the close of the plaintiff's case, the court directed a verdict for six cents damages, and the plaintiff thereupon made a motion for a new trial,

---

¶ 1. See Banks and Banking, vol. 6, Cent. Dig. § 414.

which was denied, and exception taken; and from the order denying such motion, as well as from the judgment entered on the verdict directed by the court, the plaintiff appeals.

Argued before VAN BRUNT, P. J., and HATCH, O'BRIEN, INGRAHAM, and McLAUGHLIN, JJ.

Edmund T. Oldham, for appellant.
James J. Allen, for respondent.

O'BRIEN, J. The single question presented upon this appeal is whether or not the plaintiff, upon the proof, can recover substantial damages. The appellant insists that when a depositor in a bank, with sufficient funds, draws checks or notes on such bank, which are refused payment on the ground that the depositor has no funds, the depositor, in an action brought against the bank, is not limited to the actual pecuniary damage alleged and proved, but, in addition, is entitled to recover general or substantial damages. Here the plaintiff neither alleged nor proved any special damage, but insists that it is entitled to general damages, upon the ground that this is in effect an action for slander of plaintiff's financial credit, and that the conduct of the defendant, as proved, is equivalent to proof "that the defendant on several occasions, and to several people, willfully and maliciously spoke of and concerning the plaintiff the false and defamatory words, as follows: 'He draws checks on a' bank when he has not sufficient funds to meet them.'" The insistence is that these words are slanderous per se, and, as the charges were admittedly false, malice will be presumed, and the plaintiff is therefore entitled to recover substantial damages.

Apart from the question as to whether a corporation can commit slander (Odgers on Libel and Slander, 368), and conceding that there is some similarity between actions for slander and actions against a bank for wrongfully refusing payment of a check or note, the actions are not the same; and, as the character of an action such as this has been frequently defined and discussed, it is safer to follow the decisions, rather than enter a new field of inquiry. In Burroughs v. Tradesmen's Bank, 87 Hun, 6, 33 N. Y. Supp. 864, it is said:

"The contract which the law implies between a bank and its depositor is that the bank will hold the funds and pay them out according to the order of the depositor. A failure in the performance of the duty which the law thus imposes upon the bank constitutes a breach of the contract which the law implies, and renders the bank legally liable either in tort or upon contract."

At the trial, on defendant's motion, the plaintiff elected to treat this action "as one in tort, and not upon contract, and as founded upon malice; and not upon negligence." As to the distinction to be observed as to the rule of damages between an action brought for the breach of a contract and one founded upon tort, we need add nothing to what was said by this court in Davis v. The Standard Bank, 50 App. Div. 210, 63 N. Y. Supp. 764, where the subject is fully discussed and the authorities collated. Therein the awarding of general damages was sustained, but it was because the bank intentionally, and with full knowledge of what it was doing, dishonored its depositor's checks, and in the opinion of this court it was said:

"Whenever the wrongful act was done intentionally, without just cause or excuse, a legal inference of malice arises therefrom." It is the presence of malice, express or implied, which in such cases determines the damages that may be awarded; and it is only, therefore, where it appears that the bank, in refusing payment of checks, acts willfully, without just cause or excuse, or with improper motives, that legal malice will be implied. This subject of legal malice will be found treated at some length in the American & English Encyclopœdia of Law (2d Ed.) vol. 19, p. 623, and also in the first edition, vol. 14, p. 6.

Without passing upon the question of whether the allegations of the complaint are sufficient to charge the defendant with legal malice, it is sufficient to say that upon the proof, it appearing beyond dispute that the failure of the bank to pay the note and check was not intentional, but was due to a mistake, there was no evidence from which legal malice could be implied, and therefore a basis for an award of general damages is wanting. A mistake which is excusable cannot constitute legal malice, for the element of conscious wrongdoing, or recklessness, or gross carelessness, is absent. There was no attempt to disprove the explanation, offered by the bank to plaintiff's officers, that the occurrence was due to a mistake of a new bookkeeper; and it would appear that the plaintiff accepted that explanation as true, as did the court in disposing of the case. The letters, moreover, tended to support, if support were necessary, the view that the failure to pay plaintiff's paper was inadvertent, and not intentional, and that, as soon as the mistakes were called to the attention of the bank, it did what it could to remedy them.

We have not overlooked the allegation of the complaint wherein it is averred that after the dishonor of the note the defendant was informed thereof, "and the defendant then and there begged the plaintiff to overlook the occurrence, and requested that the note be again presented. Thereupon plaintiff caused the said note to be again presented, and again payment was refused, and said plaintiff's note thrown out, protested, and dishonored." Had this allegation been supported by proof, a different question would arise as to the right of the plaintiff to recover substantial damages. The record, however, fails to disclose any such proof, and the inferences fairly to be drawn from the entire case are that the bank, through mistake, refused to pay both the note and the check, and that, when its attention was called to the two mistakes, it at once undertook to remedy the errors, so far as it was practicable to do so, by sending the letters of explanation to which we have referred.

Upon the question of damages, therefore, we can briefly summarize the subject by saying that, as the plaintiff neither alleged nor proved any special damage, and as the evidence did not show that the defendant was guilty of legal malice, the court was right in restricting the recovery to nominal damages.

It accordingly follows that the judgment and order appealed from must be affirmed, with costs.

VAN BRUNT, P. J., and INGRAHAM and McLAUGHLIN, JJ., concur.

HATCH, J. (dissenting). I am not able to agree with the majority of the court in its disposition of this case. Had the proof been limited to the dishonor of the first check, or even of the second, I would be disposed to hold that, under the facts as they existed, a verdict for substantial damages could not be sustained, but this is not what appears. Defendant was notified after the dishonor of the checks, and then discovered the mistake which had been made by its bookkeeper. It became incumbent upon the bank to take steps which would prevent such mistakes in the future, and, in the exercise of ordinary care by the bank, future mistakes of this character would have been obviated. After notice of the dishonor of the checks, it dishonored the note and refused to pay it. For this act there is no excuse, and the jury had the right to find therefrom that it was guilty of such negligence in connection with the plaintiff's account as to show a willful disregard of his rights and interest, and under such circumstances an award of substantial damages may be made. Davis v. Standard Bank, 50 App. Div. 210, 63 N. Y. Supp. 764. The court was not, therefore, justified in making disposition of the case by awarding nominal damages.

The judgment should therefore be reversed, and a new trial granted, with costs to the appellant to abide the event.