GOLDIE JANKOWSKY, Appellant, *v.* HENRY BROWN, Respondent.

.First Department, April 5, 1917.

Negligence — personal injuries caused by fall on icy steps — condition created by act of defendant — when notice to defendant immaterial — evidence constituting prima facie case of negligence — practice — appeal — failure to take formal exception to dismissal of complaint — motion for new trial upon the minutes.

Where the complaint in an action to recover damages for personal injuries to the plaintiff, who slipped upon ice accumulated upon the entrance steps of a tenement house under the defendant's control and care, is based, not upon the defendant's having permitted a dangerous condition to exist, but rather upon the affirmative act of the defendant in creating a dangerous condition by washing the steps in freezing weather, the element of notice of the condition to the defendant is not involved.

Although the defendant was endeavoring to clear the steps from snow which had fallen upon them by means of heated water, it was bound to foresee that leaving the water upon the steps in freezing weather would create a dangerous condition, and hence it was error to dismiss the complaint, there being a *prima facie* case of negligence.

The Appellate Division will review the dismissal of the complaint, although there was no formal exception, if there was a motion for a new trial upon the minutes which the court entertained and denied, for the motion could only have been based upon an exception which dissented from the ruling of the court.

SCOTT and SMITH, JJ., dissented.

APPEAL by the plaintiff, Goldie Jankowsky, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 16th day.

of May, 1916, upon a dismissal of the complaint by direction of the court at the close of plaintiff's case, and also from an order entered in said clerk's office on the 25th day of May, 1916, denying plaintiff's motion for a new trial made upon the minutes.

*Samuel Deutsch,* for the appellant.

*Edwin A. Jones,* for the respondent.

SHEARN, J.:

The action was brought to recover damages for personal injuries, the plaintiff having slipped upon the stoop entrance to a tenement, the steps of which were under defendant's control and in defendant's care. During the day in question, as a result of a storm of snow and sleet prior to one o'clock in the afternoon, slush accumulated on the steps. Between three and four o'clock in the afternoon defendant's janitress washed the slush off, pouring out of a pail steaming hot water which soon froze, covering the surface of the steps with a thin glaze of smooth, slippery ice. Plaintiff had left the house at two o'clock and returned at four, when she found that the slush had been washed off, the entire stoop being wet. There were then pools of water on some of the steps and vapor was rising from them. She came out again between five-thirty and six o'clock, at which time the stoop was covered with a thin layer of ice. There was nothing spread or sprinkled over the ice. Plaintiff slipped and fell on the broad step or stoop. This was not one of the steps on which she had noticed the pools of water previously. It did not rain or hail or snow that afternoon, according to plaintiff. There was an abundance of testimony corroborating plaintiff, but the complaint was dismissed upon the ground that no actionable negligence was established.

The claim of negligence is not based upon defendant's having *permitted* a dangerous condition to exist. It is based upon the affirmative act of the defendant in *creating* a dangerous condition. This, of course, eliminates the element of notice.

At first blush it seems to be a harsh rule to hold the landlord for an injury growing out of the attempt of the janitress to clear the steps of slush, the very presence of which on the steps

created a condition of some danger.   But having undertaken to remedy a condition of slight danger, it was incumbent on the defendant not to do it in so negligent a manner as to create a condition much more dangerous.   It could readily have been foreseen that the result of pouring hot water on the steps in freezing weather would be to coat or glaze the steps with ice — just what happened.   Drawing the inferences, to which the plaintiff is entitled in reviewing the dismissal of her complaint, it appears that the plaintiff, without any fault on her part, was injured by falling on an ice-coated step whose slippery and dangerous condition was directly due to the defendant's act in spilling water upon the stoop.   *Prima facie*, a cause of action was made out and it was error to dismiss the complaint.

No formal exception was noted to the dismissal, and it is contended that there is nothing for the court to review.   However, a motion for a new trial upon the minutes, where there is no verdict, can only be made upon exceptions.   The trial court entertained such a motion and denied it.   The court and counsel both must have assumed, therefore, that the plaintiff's counsel was dissenting from the dismissal and was not passively submitting to it.   The making of a motion which could only be based upon an exception was an active dissent from the ruling and expressed the purpose to question and review it. As stated in *Snelling* v. *Yetter, No. 1* (25 App. Div. 590, 593): "His attitude throughout 'indicated exception.'   *   *   *   Thus, the plaintiff, according to the general understanding, was, in legal intendment, ' excepting ' to the ruling which he was led to review."   As " an exception is but the *formula* of dissent from a ruling, expressed with sufficient clearness and definiteness to raise some concrete point upon appeal," I think we must hold that the right of review was not lost because the technical phrase " I except " was not employed.

The judgment and order should be reversed and a new trial ordered, with costs to appellant to abide the event.

CLARKE, P. J., and LAUGHLIN, J., concurred; SCOTT and SMITH, JJ., dissented.

Judgment reversed, new trial ordered, costs to appellant to abide event.