ANDRES LAJAM, Appellant, *v.* ABRAHAM SAHDALA & SON CORPORATION, Respondent.

First Department, July 11, 1918.

Practice — motion to dismiss complaint at commencement of trial — complaint liberally construed — contract — consideration — allegation of malice sufficient to warrant recovery for refusal to accept draft — proof of malice — appeal — form of exception by plaintiff to dismissal of complaint — failure to use word " except."

Where a motion to dismiss a complaint is made at the commencement of the trial it will be deemed to have been made upon the pleadings, and if the answer supplies any omissions from the complaint the motion will be denied.

It is well settled that if a defendant promises a plaintiff that if the plaintiff will do a certain act the defendant will pay the plaintiff a sum of money, and the plaintiff then performs the stipulated act, such performance is a sufficient consideration to support the promise, although the plaintiff was not bound to do said act.

Where a complaint alleges that the plaintiff entered into and continued business relations with the defendant in consideration of his offer of credit

in a specified amount to be used by the plaintiff by means of drafts and agreed to pay the defendant a commission upon the sale of goods as well as for the acceptance of the drafts and that the defendant negligently and willfully refused to accept plaintiff's d afts, it was error to dismiss the complaint at the commencement of the trial.

There was a sufficient allegation of malice to warrant a recovery of damages for a refusal to accept the draft.

Malice in such a case means legal malice which s established *prima facie* by showing that the refusal was willful, intentional and without just cause or excuse.

Where the plaintiff, upon the dismissal of his complaint at the commencement of the trial, did not say, " I except," but said, " I will go to the Appellate Division on that, your Honor; " to which the court responded, " All right," his appeal cannot be dismissed for failure to use the formal word " except."

SMITH and PAGE, JJ., dissented.

APPEAL by the plaintiff, Andres Lajam, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 17th day of January, 1918, upon the dismissal of the complaint by direction of the court at the opening.

*Herbert Goldmark* of counsel [*Perry Allen*, attorney], for the appellant.

*Benjamin Patterson* of counsel [*George Bell* with him on the brief], for the respondent.

SHEARN, J.:

This is an appeal from a judgment dismissing the complaint upon defendant's motion after the impaneling of a jury and the opening statement to the jury made by plaintiff's attorney.

In substance, the complaint alleges that at the times mentioned in the complaint the plaintiff was a merchant and trader doing business in the Dominican Republic and in the city of New York and other places; that the defendant was engaged in the import and export commission and banking business in the city of New York and elsewhere; " that on or about the 21st day of December, 1914, the defendant, as an inducement to procure the plaintiff to trade with the defendant, opened a credit in its establishment in New York City

in favor of the plaintiff, and without limitation of time, in the sum of $2,000, to be utilized by the plaintiff by means of drafts or bills of exchange to be drawn by plaintiff on defendant payable at sixty days' sight; this credit being in addition to a further credit of $3,000 opened at the same time by defendant in favor of plaintiff, for the purchase of merchandise;" that thereafter the plaintiff " entered into and continued business relations with the defendant in pursuance of the said credits, but not having made use of the said drawing credit of $2,000 " the defendant notified the plaintiff that if the plaintiff did not use the said credit before June 1, 1915, defendant would consider the same canceled; that thereupon the plaintiff being so urged to do, used said drawing credit before June 1, 1915, by drawing a certain draft on April 27, 1915, in said Dominican Republic, upon the defendant in New York, for the sum of $1,500, in favor of one H. R. A. Grieser, a merchant and trader in New York city and in the Dominican Republic, to whom said draft was delivered by the plaintiff, and that said payee caused the same to be presented to defendant at New York city for acceptance, but acceptance was refused; that such refusal was negligent, willful and wrongful and in violation of defendant's duty to plaintiff; that thereupon said payee caused said draft to be protested, ' and the plaintiff was thereupon compelled to cover the amount of said draft, by virtue of which he incurred expense; that by reason of said wrongful refusal of the defendant to accept and pay said draft, the plaintiff was injured in his credit and suffered mental anxiety, to his damage in the sum of $10,000.

Where a motion to dismiss the complaint is made at the commencement of the trial, it will be deemed to have been made upon the pleadings, and if the answer supplies any omissions from the complaint, the motion will be denied. (*Cragin* v. *O'Connell,* 50 App. Div. 339; affd., 169 N. Y. 573.) Upon such a motion the complaint must be liberally construed in favor of the pleading, and all must be deemed to be implied from the allegations that can by reasonable and fair intendment be implied therefrom. (*Catterson* v. *Brooklyn Heights R. R. Co.,* 132 App. Div. 399; *Coatsworth* v. *Lehigh Valley R. R. Co.,* 156 N. Y. 451.) This complaint

is badly drawn, but however inartificial the pleading, we are bound to construe it according to the above-stated rules, which are now well settled.

There can be no doubt that if a defendant promises a plaintiff that, if the plaintiff will do a certain act, the defendant will pay the plaintiff a sum of money, and if the plaintiff then performs the stipulated act, such performance is a sufficient consideration to support the promise, although the plaintiff was not bound to do the stipulated act. (*L'Amoreux v. Gould*, 7 N. Y. 349.) The answer alleges that the defendant offered to and did open a credit of $2,000 for the plaintiff as an inducement to procure the plaintiff to trade with the defendant. The complaint alleges that the plaintiff entered into and continued business relations with the defendant in pursuance of the proffered credits. Construing this allegation liberally and in favor of the pleader, the complaint thus alleges that pursuant to said offer of credit the plaintiff did thereafter trade with the defendant. Accordingly, the pleadings show that the plaintiff performed the act required of him, which was sufficient consideration for defendant's promise to honor his draft. Further, the plaintiff, as appears by the answer, agreed to pay the defendant a commission upon the sale of plaintiff's goods, as well as a commission for the acceptance of the drafts. Here again is shown a sufficient consideration to support defendant's promise to accept plaintiff's drafts.

There was a sufficient allegation of malice to warrant a recovery of damages for refusal to accept a draft. Malice in such a case means legal malice, which is established *prima facie* by showing that the refusal was willful, intentional, without just cause or excuse. (*Clark Co. v. Mount Morris Bank*, 85 App. Div. 362; affd., 181 N. Y. 533.) Here the allegation was that the refusal was willful.

When the complaint was dismissed, plaintiff's attorney did not say, " I except," but said, " I will go to the Appellate Division on that, your Honor;" to which the court responded, " All right." The attorney plainly showed that he did not acquiesce in the ruling. His appeal from the dismissal of the complaint cannot fail because he failed to use the formal word " except " under such circumstances. (*Jankowsky* v.

*Brown,* 177 App. Div. 602; *McGrath* v. *Home Insurance Co.,* 88 id. 153.)

The judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.

CLARKE, P. J., and LAUGHLIN, J., concurred; SMITH and PAGE, JJ., dissented.

Judgment reversed and new trial ordered, with costs to appellant to abide event.