EDRINGTON-MINOT CORPORATION, Appellant, *v.* MURRAY W. GARSSON, INC., and Another, Respondents.

First Department, December 31, 1926.

**Bills and notes — consideration — defendant offered payee $20,000 for right to close land contract with third person — defendant paid $2,000 in cash and gave promissory notes for balance — contract was executed by third person with defendant — there was sufficient consideration for notes.**

In an action to recover on promissory notes given by the defendant, the defense of no consideration fails, since it appears that the notes were given to the payee as a part of the consideration of $20,000 for an agreement on the part of the payee to surrender his right to close a land contract with a third person and, after the notes were given and $2,000 in cash paid as a part of the consideration, the contract was executed between the third person and the maker of the notes.

APPEAL by the plaintiff, Edrington-Minot Corporation, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 10th day of November, 1925, upon the verdict of a jury rendered by direction of the court.

*James C. Van Siclen* of counsel [*Miner & Gildersleeve,* attorneys], for the appellant.

*Charles Eno* of counsel [*Harry L. Kreeger,* attorney], for the respondents.

BURR, J. The action is brought on three promissory notes made by the defendant Murray W. Garsson, Inc., and indorsed by the defendant Murray W. Garsson to one Miner. Although two

of the notes are alleged to have been transferred to the plaintiff for value before maturity it was conceded upon the trial of the action that whatever defenses the defendants had against Justin L. Miner, payee of the notes, could be raised with the same force and effect against the plaintiff.

The issue involved on this appeal is whether or not there was lack of consideration for the notes sued upon. The learned trial justice directed a verdict in favor of the defendants on the ground that there was no consideration.

The question presented by this appeal is whether the learned court was correct in so holding as a matter of law.

Briefly, in substance, the evidence in the record discloses the following material facts: For some time prior to the year 1924 the Barney Estate Company was the owner of a certain parcel of land located on the easterly side of Amsterdam avenue between One Hundred and Eighty-eighth and One Hundred and Ninety-first streets, and had offered the same for sale through its agent and broker, Mr. Krauser; that Krauser entered into negotiations for the sale of the parcel with Justin L. Miner, the payee of the notes in suit; that Miner had been interested in the purchase of other properties of the Barney Estate Company, and knew Mr. Krauser, its broker, and that for a period of over a year he had under consideration and negotiation with Krauser the purchase of this particular parcel and had in co-operation with Krauser worked up the proposition to purchase the same for the consideration and upon the terms which were finally incorporated in the proposed contract which Mr. Krauser obtained from the Barney Estate Company, presented to Miner and had approved by him.

When the proposed contract for the purchase of the property was about to be entered into by Miner (such proposed contract, although agreed to in terms, had not at this time been signed by either the Barney Estate Company or by Miner), and about February 6, 1924, the defendant Garsson for the first time met Miner at Miner's office, Krauser, the broker, making the appointment. At that meeting Garsson told Miner that he had some acquaintance with Miner's partner, Stotesbury, and that he understood from Krauser that Miner would sell the contract for the Barney Estate Company property and that he would give him $20,000 for it, $2,000 in cash and notes for the balance. To this Miner agreed and a day or two later Miner went to Garsson's office and there was an exchange of the checks and notes for the contract and receipt. Thereafter the Barney Estate Company and Garsson executed the contract and Miner deposited the check for collection, which was not paid because according to Miner's testimony Garsson said he was short of funds.

A second check was given and paid. When each of the three notes became due there was non-payment thereof, and thereafter, according to Miner, Garsson repeatedly promised to pay them, explaining as his reason for his non-payment and default, failure to obtain certain moneys from other sources.

It is conceded that there would have been no defense to the action had Miner executed, or had someone executed, the contract in his behalf, and thereafter assigned or had the same assigned to Garsson, his nominee and vendee.

Plaintiff contends that the legal effect is the same; that Miner refrained from entering into the contract and allowed Garsson to step into his shoes, in consideration of the payment promised and agreed to by Garsson.

Courts " will not ask whether the thing which forms the consideration does in fact benefit the promisor, or a third party, or is of any substantial value to any one. It is enough that something is promised, done, forborne, or suffered by the party to whom the promise is made, as consideration for the promise to him." (Anson's Prin. of Cont. [2d Am. ed.] *70.)

" In general, a waiver of any legal right, at the request of another party, is a sufficient consideration for a promise." (1 Pars. Cont. [9th ed.] *444.)

"Any damage or suspension, or forbearance of a right, will be sufficient to sustain a promise." (2 Kent Comm. [12th ed.] *465.)

" Consideration means not so much that one party is profiting as that the other abandons some legal right in the present, or limits his legal freedom of action in the future, as an inducement for the promise of the first." (Pollock Cont. [9th ed.] 177.) (See, also, 13 C. J. 315.)

Bearing in mind the legal maxim, " Nothing is consideration that is not regarded as such by both parties," the indisputable facts show that both parties here regarded Miner's relinquishment of his privilege to enter into the Barney Estate Company contract in favor of Garsson at Garsson's request and Garsson's acceptance of the privilege so relinquished by Miner as such consideration.

The notes sued on were supported by considerations sufficient to meet the legal requirements.

(a) Change of position by Miner in reliance upon Garsson's promise, and the execution and delivery of the checks and notes;

(b) Mutual promises and agreements between Miner and Garsson;

(c) Deprivation of Miner of the advantage of entering into the contract with the Barney Estate Company, and the detriment of his exclusion therefrom;

(d) Abandonment, waiver, forbearance and sufferance by Miner of his legal right to enter into the Barney Estate Company contract upon the strength of Garsson's promise, checks and notes, as an inducement for the acts of Garsson.

All of which were confirmed by the execution by Garsson of the contract with the Barney Estate Company, its consummation, and Garsson's at least part performance of his agreement with Miner by the payment of the check.

Miner had the privilege of making the contract for the purchase of this property from the Barney Estate Company for $210,000, and he turned this privilege over to Garsson by allowing him to step into his shoes.

When one has actually received the consideration for an agreement by a voluntary performance of an act by another party upon his proposition or suggestion, such performance constitutes a consideration which will uphold the former's promise. (*Marie* v. *Garrison*, 83 N. Y. 14.)

I think the notes were supported by a legal consideration and a direction of a verdict for defendants was error.

The judgment appealed from should be reversed and a new trial ordered, with costs to the appellant to abide the event.

Clarke, P. J., Merrell, Finch and Martin, JJ., concur.

Judgment reversed and new trial ordered, with costs to the appellant to abide the event.