## (January 16, 1953.)

■

JOSEPH A. DE TRAGLIA, Doing Business as JOSEPH TRILL, Appellant, *v.* NATIONAL BANK OF HOBART et al., Respondents, et al., Defendants.

WHEELER, J. (dissenting). Although defendants-respondents' motion to dismiss the complaint was made upon affidavits, apparently under subdivision 4 of rule 107 of the Rules of Civil Practice, the order appealed from grants the motion on the sole ground that the complaint does not state facts sufficient to constitute a cause of action, necessarily under rule 106. Upon a motion under the latter rule to dismiss the complaint for insufficiency appearing on the face thereof, affidavits may not be used and the court is restricted solely to the allegations of the complaint. In determining the sufficiency of this complaint we must, therefore, disregard the facts set forth in the affidavits and look only to the allegations of the complaint.

I do not agree with the majority view that the complaint was properly dismissed as to the defendants-respondents, the National Bank of Hobart (hereinafter called "Bank,") and its president, Donald G. Rose, for a failure to allege

consideration running to those defendants to support the alleged contract. In order to properly consider the question, it is necessary to refer to the alleged facts.

As I view it, there are two separate agreements set forth in the challenged complaint. One, a contract of hiring between plaintiff and defendants Greendell Packing Corp. (hereinafter called "Greendell") and its managing agent, Benjamin Rothenberg, wherein it is provided that plaintiff was to purchase cattle for Greendell. The other is a tripartite agreement between all of the parties by which plaintiff was enabled to finance his purchases of cattle under the first agreement:

In substance, this alleged secondary agreement indicates that a checking account was to be opened in the Bank in the name of plaintiff to facilitate the said purchases, although he was to make no deposit at the time the account was opened; that the Bank and Rose agreed to honor plaintiff's checks when presented even though there might be insufficient funds in said account for the payment thereof; that Greendell and Rothenberg on their part agreed to furnish moneys for said account when called upon by the Bank to do so, and that they also authorized the Bank and Rose to charge said checks to the Greendell account in said Bank in the event moneys were not otherwise made available.

It is further alleged that plaintiff, pursuant to said agreement, opened the account in said Bank and issued a number of checks thereon for the purchase of livestock; that for a time these checks were honored and paid but that later a number of checks so issued by plaintiff and presented to the Bank by the holders thereof were protested for nonpayment by these defendants, in violation of their agreement and without first advising plaintiff of their intention so to do; that plaintiff was thereafter arrested and prosecuted for grand larceny by reason of the issuing of said checks without having sufficient funds in the account to cover the same. Plaintiff further avers that by reason thereof his "name and reputation were irreparably damaged and his credit destroyed, all to his damage in the sum of * * * $50,000".

Construing the complaint liberally and giving every intendment and fair inference in its favor (*Dyer* v. *Broadway Central Bank*, 252 N. Y. 430), I am convinced that a cause of action for breach of contract is alleged against the Bank and Rose. The complaint contains statements of alleged facts which, if proven, would be a basis for the relief sought.

I do not agree with the contention that there is no consideration running to these defendants. "There is sufficient consideration for a promise if there is any benefit to the promisor or any detriment to the promisee." (17 C. J. S., Contracts, § 74; *Edrington-Minot Corp.* v. *Murray W. Garsson, Inc.*, 219 App. Div. 65; *Marie* v. *Garrison*, 83 N. Y. 14.) In my opinion, the Bank, in securing a new account, did, in fact, derive a benefit from the transaction. Assuming, however, that there was no benefit accruing to the defendants, we still may rely upon the well-established principle that "When one has actually received the consideration for an agreement by a voluntary performance of an act by another party upon his proposition or suggestion, such performance constitutes a consideration which will uphold the former's promise." (*Edrington-Minot Corp.* v. *Murray W. Garsson, Inc., supra*, p. 68; *Lajam* v. *Sahdala & Sons Corp.*, 184 App. Div. 490.) Accordingly, I find that the complaint shows that plaintiff, in reliance upon said agreement, performed the acts required of him to his detriment and prejudice, which was sufficient consideration for defendants' promise to honor and pay the checks in question.

Nor do I accept defendants' further contention that the promise to pay overdrafts, if such it was, contravenes public policy. It seems to be well established that payment of an overdraft constitutes a loan made at the request of a depositor. (*Becker* v. *Fuller*, 99 Misc. 672.) It is my belief that a bona fide agreement to honor overdrafts is not against public policy. (*Prettyman* v. *United States*, 180 F. 30, 39, *McCormick* v. *King*, 241 F. 737, 743; 9 C. J. S., Banks and Banking, § 342, p. 688.) Furthermore, it seems self-evident that the statutes of this State contemplate overdrafts. (See, e.g., Banking Law, §§ 121, 123, 299-a, requiring directors to report overdrafts).

In view of defendants' motion under subdivision 4 of rule 107 of the Rules of Civil Practice, I have considered the affidavits which allege, in substance, that the dismissal of a former complaint in an action brought by plaintiff against all of the defendants except the Bank, is a bar to the present action. However, the defects existing in the prior complaint have been corrected in the complaint now before us. (See *Linton* v. *Perry Knitting Co.*, 295 N. Y. 14; *Joannes Bros. Co.* v. *Lamborn*, 237 N. Y. 207 and *Richard* v. *American Union Bank*, 253 N. Y. 166.) I find no merit in defendants' motion under rule 107.

The order dismissing the complaint as against these defendants-respondents should be reversed and the motion denied. All concur except Wheeler, J., who dissents and votes for reversal and for denying the motion, in an opinion. Present — Taylor, P. J., McCurn, Vaughan, Kimball and Wheeler, JJ.

Order affirmed, with $10 costs and disbursements.