■ JULIA COOK, Appellant, v. MANUEL REZENDE, Respondent.— Judgment, Supreme Court, New York County, entered March 29, 1972, affirmed, without costs and without disbursements. · Concur — McGivern, Markewich and Eager, JJ.; Stevens, P. J., and Nunez, J., dissent in the following memorandum by Nunez, J.: Plaintiff made out a prima facie case. A long-time tenant of the building, she left her apartment and reached the outside marble steps leading

to the sidewalk. The steps were covered with water being cascaded thereon by the owner of the apartment house by use of a hose. The owner deliberately used the waterfall to prevent persons from congregating on his property. The water not only made the smooth marble steps slippery and dangerous, it created puddles of varying sizes. It was a sunny day. Plaintiff left her home not expecting to be confronted by the dangerous condition admittedly created by the landlord. Drawing the inferences to which plaintiff is entitled, it appears that the defendant chose, for his own purposes, to saturate the steps with water, thus creating the dangerous, slippery condition complained of and plaintiff's injuries. Under these circumstances, the issues of negligence, causation and contributory negligence were for the jury. (*Nevoso* v. *Putter-Fine Bldg. Corp.*, 18 A D 2d 317; *Schumm* v. *25th Properties*, 283 N. Y. 723; *Pignatelli* v. *Gimbel Bros.*, 285 App. Div. 625, affd. 309 N. Y. 901; *Jankowsky* v. *Brown*, 177 App. Div. 602.) Consequently, it was error to dismiss the complaint at the end of plaintiff's case. I would reverse and order a new trial.