■ BARCLAYS BANK PLC, Respondent, v SKULSKY TRUST et al., Appellants. [731 NYS2d 443] —Order, Supreme Court, New York County (Helen Freedman, J.), entered August 29, 2000, which granted plaintiff's motion to dismiss certain of defendant's affirmative defenses, order, same court (Ira Gammer-

man, J.), entered September 29, 2000, which, *inter alia*, granted plaintiff's motion to amend the complaint, order, same court and Justice, entered January 29, 2001, which, *inter alia*, granted plaintiff's motion for summary judgment, and judgment, same court and Justice, entered February 7, 2001, which, upon the court's prior grant of summary judgment, awarded plaintiff the total sum of $966,529.25, unanimously affirmed, with one bill of costs.

Defendant Paul Skulsky was properly served pursuant to CPLR 308 (5) in the manner set forth in the court's ex parte order. Substituted service at the current address of Apponline.com, Inc. was sufficient since the company no longer maintained an office at the address set forth in the court's order.

Defendant Jeffrey Skulsky was properly served in his individual capacity and as trustee of defendant Skulsky Trust by substituted service pursuant to CPLR 308 (2) and (4), as well as in compliance with the court's order. His letter of resignation as sole trustee of the Skulsky Trust was insufficient to establish that he had complied with the legal requirements for resignation.

The court properly granted plaintiff's motion to amend the complaint to substitute the assignee of the promissory note as plaintiff and to set forth allegations regarding the assignments of the note. Leave to amend is freely given in the absence of prejudice to the other party, a change of position or hindrance in the preparation of a defense (*see, Frankart Furniture Staten Is. v Forest Mall Assocs.*, 159 AD2d 322), none of which defendants have shown. The amendment permitted here, we note, was by nature nonprejudicial, since it did no more than shift the claim to a party who could have asserted it in the first instance (*see, New York State Thruway Auth. v CBE Contr. Corp.*, 280 AD2d 390).

We reject defendants' claim that the promissory note is not supported by consideration. Discharge of a pre-existing debt owed by a third party is legal consideration (*see, County Trust Co. v Mara*, 242 App Div 206, 211, *affd* 266 NY 540). In addition, defendant Skulsky Trust received a security interest in the bankruptcy estate of another entity, and whether that interest provided a substantial benefit is of no import (*see, Edrington-Minot Corp. v Murray W. Garsson, Inc.*, 219 App Div 65, 67).

Defendants' discovery requests, which were irrelevant to the issue of whether the promissory note had been paid, were properly denied. Equally without merit was defendants' claim

that plaintiff had acted in bad faith. Concur—Sullivan, P. J., Andrias, Wallach, Saxe and Marlow, JJ.