Lester Holtzman, J.
This is a motion by plaintiff for partial summary judgment on its first cause of action for $65,774.65, which sum represents the balance conceded by defendant to be due and owing for work performed pursuant to contract. Upon judgment plaintiff also seeks to sever the first cause of action without prejudice to the remaining 14 causes of action.
In opposition to the motion, defendant asserts that: “ Judgment for plaintiff on its first cause of action could be given at this time only by ignoring the plain provisions of the contract in suit to the effect that acceptance by plaintiff of a final payment operates as a release to the Port Authority. Whether or not the amount demanded in the first cause of action is the proper final payment can be determined only after disposition of the remaining fourteen causes of action in this suit.”
*1029 The provision of the contract alluded to by defendant provides as follows: “ The acceptance by the Contractor, or by anyone claiming by or through him, of the Final Payment shall be and shall operate as a release to the Authority of all claims and of all liability to the Contractor for all things done or furnished in connection with this Contract and for every act and neglect of the Authority and others relating to or arising out of this Contract, excepting only his claims for amounts withheld by the Authority as hereinafter provided and for interest upon the Final Payment, if this payment is improperly delayed.”
While the above-quoted release clause is valid and will be enforced where a contractor has accepted final payment (Cauldwell-Wingate Co., v. City of New York, 269 N. Y. 539; Nicholas v. City of New York, 293 N. Y. 704), in the case at bar, final payment was not accepted but to the contrary was refused when tendered by defendant. In the opinion of the court plaintiff did not contract away its right to sue for sums which it had earned and the release clause nowhere prescribes the time when judgment may be entered after such action is brought. Nor does the court consider judgment on the first cause of action to be final payment under the release clause of the contract. (Buffalo Elec. Co. v. State of New York, 27 Misc 2d 527, 531.)
The current practice, in the Court of Claims, under similar circumstances has been to sever that part of the action wherein the sum owing is undisputed and enter judgment thereon prior to determining the remaining causes of action. This practice has been severly criticized as being contrary to ‘1 an expeditious and efficacious administration of justice.” (Rusciano & Son Corp. v. State of New York, 201 Misc. 690, 704, affd. 281 App. Div. 733.) Partial summary judgment achieves the same result and may be a simpler and more expeditious solution. Accordingly, the motion is granted in its entirety.