Harold J. Hughes, J.
The defendant Burns Brothers Contractors, Inc. has moved to dismiss plaintiff’s third cause of action on the ground that plaintiff lacks capacity to sue and upon the further ground that the complaint fails to state a cause of action. The plaintiff has cross-moved for partial summary judgment against the defendant New York State Environmental Facilities Corporation (EFC) on its first cause of action.
Plaintiff’s first cause of action is to recover the sum of $24,632.41, the amount due and owing plaintiff pursuant to Contract No. 2 on Project No. 141-CD-2. It appears from the papers before the court that there is no question but that the sum in question is due the plaintiff. Prior to the return date of the motion, however, plaintiff refused to execute semifinal payment request No. 18 and change orders Nos. 11 through 14. It was plaintiff’s position that the execution of the former document might constitute a release of its rights to sue EFC. EFC has opposed the granting of partial summary judgment on the ground that plaintiff has failed to comply with conditions precedent, viz., the execution of semifinal payment request No. 18 and change orders 11 through 14. To obviate this objection, plaintiff has executed these documents.
*172 While EFC seems to raise some question about the total due for extra work, $7,660.41, the court notes that this was the amount specified as correct in semifinal payment request No. 18, which was prepared by O’Brien and Gere, EFC’s project engi- ■ neers. Since there is no question of fact, plaintiff is entitled to summary judgment on its first cause of action and a severance of that action from the remaining causes of action (see Tufano. Contr. Corp. v. Port of N. Y. Auth., 33 Misc 2d 1028, affd. 18 AD 2d 832, affd. 13 N Y 2d 967).
The contracts of EFC with Burns Brothers and plaintiff were two of four prime contracts. The former contract, known as Contract No. 1, was for general construction with regard to the project and the latter was Contract No. 2 for electrical work. The other two contracts were for plumbing and for heating and ventilating.
Paragraph 10.02 of article X in the supplemental general conditions of each of the four contracts provides: “It shall be the responsibility of General. Contractor-Contract No. 1, to coordinate the work of Contract Nos. 1, 2, 3 and 4.”
Paragraphs 2.15 (2) and (3) of the general conditions contained in the four contracts provide: “ (2) The Contractor agrees that he has and will make no claim for damages against the Authority by reason of any act or omission to act by any other contractor or in connection with the Engineer’s or Authority’s acts or omissions to act in connection with such other contractor, but the Contractor shall have a right to recover such damages from the other contractors under a provision similar to the following provision which has been or will be inserted in the Contract with such other contractors. (3) Should any other contractor, having or who shall hereafter have a contract with the Authority relating to the Project or in connection with the work on sites adjoining or adjacent to that on which the work covered by this Contract is to be performed, sustain any damage, during the progress of the work hereunder, through any act or omission of the Contractor, the Contractor agrees to reimburse such ether contractor for all such damages and he further agrees to indemnify and save harmless the Authority from all claims for such damages. ’ ’
Plaintiff’s third cause of action against Burns Brothers is based on the latter’s alleged failure to co-ordinate the work as it was required to do under paragraph 10.02 of article X set out above.
It is Burns Brothers’ first contention that this provision in the contract is invalid because it violates section 101 of the *173 General Municipal Law and section 135 of the State Finance Law. The latter section pertains to State contracts and, insofar as pertinent, provides: “Separate specifications for contract work for the state. Every officer, board, department, commission or commissions, charged with the duty of preparing specifications or awarding or entering into contracts for the erection, construction or alteration of buildings, for the state, when the entire cost of such work shall exceed fifty thousand dollars, must have prepared separate specifications for each of the following three subdivisions of the work to be performed: 1. Plumbing and gas fitting. 2. Steam heating, hot water heating, ventilating and air conditioning apparatus. 3. Electric wiring and standard illuminating fixtures
In Matter of General Bldg. Contrs. of N. Y. State v. City of Syracuse (40 A D 2d 584, affd. 32 N Y 2d 780) upon which Burns Brothers relies, the court held that bid specifications that required the general contractor’s superintendent to correlate all work on the job, and which made the general contractor responsible for setting the pace for the job were violative of section 101 of the General Municipal Law, which is identical to section 135 of the State Finance Law. The court concluded that these sections do not provide authority in the contracting municipality or agency to delegate to one of the prime contractors ■supervision and co-ordination responsibility and authority. As support for its holding, the court contrasted the situation in that case, where the City of Syracuse was limited by section 101 of the General Municipal Law, with the situation in which contracts are let pursuant to section 1287 of the Public Authorities Law, which section controls the present contracts. Subdivision 1 of section 1287 of the Public Authorities Law states: “ Construction contracts let by the corporation shall be in conformity with the applicable provisions of section one hundred thirty-five of the state finance law, but the corporation in its discretion may assign such contracts for supervision and coordination to the successful bidder for any subdivision of work for which the corporation receives bids.”
Pursuant to this subdivision, the corporation (EFC) may assign to the successful bidder duties of supervision and co-ordination for any subdivision of work for which the corporation receives bids. Burns Brothers contends that since the wording provides for delegation of supervision 1 ‘ for any subdivision of work ”, EFC has only a limited power of delegation under this statute. Thus, it is argued, supervision of plumbing work could be assigned to that particular prime contractor and co-ordina *174 tion of the work of the general contractor could be assigned to him, but in no event would it be valid to assign to the general contractor the co-ordination of the work of the other prime contractors.
The court does not find this interpretation of the statute reasonable. Certainly, even without the enactment, a prime contractor would be responsible, or could be made responsible, for the supervision and co-ordination of the work of his subcontractors. Thus, the interpretation urged by Burns Brothers would render the enactment superfluous. The courts will not interpret a statute so as to render it unreasonable or absurd (see McKinney’s Cons. Laws of N. Y., Book 1, Statutes, §§ 143,145).
In Matter of General Bldg. Contrs. of N. Y. State v. County of Oneida (54 Misc 2d 260), the court held that section 101 of the General Municipal Law prohibited the county from shifting the responsibility for co-ordination and supervision of the project to any of its prime contractors. The court stated that if the Legislature had intended to give the county this power, it would have done so and the court cited as an example of such legislative action, section 1287 of the Public Authorities Law.
The court finds that the clause in the contracts which assigns to Burns Brothers the responsibility to co-ordinate the work of all the prime contractors is valid.
Burns Brothers’ other contention is that paragraphs 2.15 (2) and (3) of the general' conditions do not entitle plaintiff to sue Burns Brothers since these clauses are merely an indemnity provision running solely to the benefit of EFC. In other words, Burns Brothers argues that plaintiff is merely an incidental beneficiary and not a third-party beneficiary of the contract between Burns Brothers and EFC.
In order for a third party to maintain an action on a contract, the intent to confer a direct benefit on the third party must clearly appear (see Resinol v. Valentine Dolls, 14 A D 2d 853; Snyder Plumbing & Heating Corp. v. Purcell, 9 A D 2d 505; 10 N. Y. Jur., Contracts, § 239). In Snyder Plumbing & Heating Corp. v. Purcell, relied on by Burns Brothers, the plumbing and drainage contractor sued the general cohtractor for damages allegedly caused by the latter’s delay. Both contracts executed by the parties with the county were similar except for the provisions specifically referring to the work to be performed by each. Each of the contracts contained a provision which provided in substance that if through the acts of neglect on the part of a contractor, any other contractor suffers damages, the contractor agrees to settle with such other contractor by agree *175 ment or arbitration; if such other contractor shall assert any claim against the owner on account of any damages alleged to have been so sustained, the contractor shall defend such lawsuit and pay any judgment against the owner.
The court found that the above-mentioned clause in the contracts was essentially an indemnity provision solely for the benefit of the county and, therefore, held that the plumbing contractor could not maintain the action.
This court finds, however, that the provisions in the present contracts do in fact manifest an intent to confer a direct benefit on each of the prime contractors. Pursuant to paragraph 2.15 (2), each of the prime contractors agreed to relinquish any claim against EFC by reason of the act or omission of any other contractor. In consideration of this relinquishment, the contractor was given the right to recover damages from the other contractors for their acts or omissions. In paragraph 3, each contractor agreed to reimburse other contractors for damages caused by their acts or omissions and further agreed to indemnify and save harmless EFC from all claims for such damages. (Emphasis supplied.)
Unlike the situation in Snyder Plumbing & Heating Corp. v. Purcell (9 A D 2d 505, supra), there are two promises in the contract clauses, one to indemnify and one which confers a direct benefit on the other prime contractors.
By reason of the foregoing, the court concludes that plaintiff may maintain the action against Burns Brothers. The motion of Burns Brothers to dismiss the third cause of action is, therefore, denied, without costs; the cross motion of the plaintiff for summary judgment on its first cause of action and for a severance of that cause of action is granted, without costs.