Harold J. Hughes, J.
This is a motion by the defendant New York State Environmental Facilities Corporation (EFC) for summary judgment dismissing the plaintiff’s second cause of action and the cross claims of the defendant Burns Brothers Contractors, Inc.
In a previous determination (KEC Corp. v. New York State Environmental Facilities Corp., 76 Misc 2d 170) this court granted plaintiff summary judgment on its first cause of action against EFC and denied Burns Brothers ’ motion to dismiss the *990 third cause of1 action. The facts underlying the dispute between the parties were set out in that decision and will not be repeated herein. .
It is EFC’s contention that pursuant to the contracts, both plaintiff and Burns Brothers have waived their right to sue EFC and thus their actions must be dismissed. There are two different bases upon which EFC asserts the defense of waiver. The first is contained in article 2, section 2.15 (subd. 2) of the general conditions of both contracts, which states-: “ The Contractor agrees that he has and will make no claim for damages against the Authority by reason of any act or omission to act by any other contractor or in connection with the Engineer’s or Authority’s acts or omissions to act in connection with such other contractor, but the Contractor shall have a right to recover such damages from the other contractors under a provision similar to the following provision which has been or will be inserted in the Contract with such other contractors.”
Section 10.02 of article X of the supplemental general conditions of both contracts states as follows.:
‘ ‘ Coordination of Contracts Nos. 1, 2, 3 and 4
“It shall be the responsibilty of the General Contractors — Contract No. 1, to coordinate the work of Contract Nos. 1, 2, 3 and 4.”
The second basis for the waiver defense is found in section 2.03 of article 3 of the general conditions of both contracts which provides in part:
“ (1) If the Contractor claims (1) that any work he has been ordered to do is extra work or (2) that he has performed or is going to perform extra work or (3) that any action or omission of the Authority or the Engineer is contrary to the terms and provisions of the Contract, he shall: a. Promptly comply with such order; b. File with the Authority and the Engineer, within five (5) working days after being ordered to perform the work claimed by him to be extra work or within five (5) working days after commencing performance of the extra work, whichever date shall be the earlier, or within five (5) working days after the said action or omission on the part of the Authority or the Engineer occurred,, a written notice of the basis of his claim and request a determination thereof; c. File with the Authority and the Engineer, within thirty (30) calendar days after said alleged extra work was required to be performed or said alleged extra work was commenced, whichever date shall be earlier, or said alleged action or omission by the Authority or the Engineer *991 occurred, a verified detailed statement, with documentary evidence of the items and basis of his claim;
“ (2) The Contractor’s failure to comply with any or all of the foregoing provisions of this Section shall be deemed to be: (1) a conclusive and binding determination on his part that said order, work, action or omission does not involve extra work and is not contrary to the terms and provisions of the Contract; and (2) a waiver by the. Contractor of all claims for additional compensation or damages as a result of said order, work, action or omission.
“ (3) No person has power to waive or modify any of the foregoing provisions and in any action against the Authority to recover any sum in excess of the sum certified by the Authority to be due under or by reason of the Contract, the Contractor must allege in his complaint and prove at the trial compliance with the provisions of this Section.”
The court will first consider whether and to what extent plaintiff waived its claims against EFC under section 2.15. It is clear that pursuant to subdivision 2 of that section, plaintiff has agreed that it will make no claim against EFC for damages by reason of any act or omission to act by any other contractor or in connection with the engineer’s or EFC’s acts or omissions to act in connection with such other contractor.
Paragraph 13 of plaintiff’s second cause of action states that: “ During the performance of the aforesaid contract, plaintiff sustained damages as hereinafter alleged due to the acts, neglects and delays to the furtherance and progress of plaintiff’s work caused by the Environmental Facilities Corporation, which acts and omissions of the Environmental Facilities Corporation, among other things, consisted of: a) Failing to exercise reasonable diligence to regulate and coordinate the activities of the several prime contractors; b) Failing to progress the general construction in accordance with the usual methods of construction so as to enable plaintiff to complete its contract by the date stipulated for completion; c) Failing to compel timely performance of the contract between the general contractor and the Environmental Facilities Corporation; d) Failing to enforce the general contractor’s obligation to coordinate the work and to progress the work and job site of the several prime contractors; e) Failing and neglecting to enforce the work schedule as provided in the critical path diagram; f) Failing to make any serious or substantial effort to progress and coordinate the work or adequately enforce the general contractor’s obligation to have necessary materials furnished and installed when *992 required in conjunction and coordination with the plaintiff’s electrical construction, in spite of plaintiff’s timely notice, demands and protests; g) Failing té make any substantial or reasonable effort to eliminate delays whereby plaintiff was hindered and delayed in the progress of its work, was frequently deprived of the site of its work and compelled to suspend its work many times and in many areas of the site for long periods, and to install electrical equipment and wiring in a piecemeal manner not in accordance with usual practice; h) Failing to take any action regarding the progress of the work, said failure resulting in extraordinary delays causing hindrance, loss and damage to the plaintiff in the performance of its contract.”
, An examination of paragraph 13 shows that plaintiff is seeking damages against EFC for its failure to co-ordinate the contractors (e.g,, subpars. a, c, d, e, f). These claims would be barred by the exculpatory clause. But it is also clear that plaintiff is seeking to recover for “ acts, neglects and delays ” of EFC not within the language of the exculpatory provision. It is noted that the subparagraphs (a) through (h) are not intended to specify all the particulars of plaintiff’s claim against EFC for it is alleged that the acts and omissions of EFC, among other things, consisted of (a) failing to exercise reasonable diligence to regulate and co-ordinate the activities of the several prime contractors, etc.
As plaintiff points out, there is no question but that section 2.15 of the contract does not contain any waiver of claims by plaintiff against EFC for the latter’s own affirmative acts in causing delay. In this regard, the court notes that the examination before trial of Mr. Pfau, vice-president of EFC’s consulting engineers, reveals that delays may have been caused by EFC.
Finally, despite the exculpatory clause in the contract, EFC may still be held liable for damages caused by its active interference, misrepresentations, fraud or bad faith (see Tully & Di Napoli v. State of New York, 34 A D 2d 439, 443). The legal significance of the exculpatory clause should await the development of facts (see Norman Co. v. County of Nassau, 27 A D 2d 936).
For the foregoing reasons, EFC is not entitled to summary judgment dismissing the second cause of action based on the waiver provision of section 2.15.
Environmental Facilities Corporation also asserts the waiver provision of section 2.15 as a defense to Burns Brothers’ sixth cross claim. - In that claim, Burns Brothers sets forth the fact that plaintiff is seeking damages against it for, inter alia, failure1 *993 to co-ordinate the progress of the work and for failure to eliminate delays. Burns Brothers then alleges a claim over: that any damages suffered hy plaintiff were caused hy EFC as set out in the second, third, fourth and fifth cross claims. These claims seek damages for acts, representations and omissions of EFC which not only delayed the progress of the work but which also caused the performance of additional work.
As the court construes the sixth cross claim, it does not seek to recover damages from EFC by reason of any act or omission by any other contractor or in connection wth the engineer’s or EFC’s acts or omissions to act in connection with such other contractor and thus is not barred by section 2.15 of the contract. Rather, the sixth cross claim is based on the theory that damages suffered by the plaintiff, if any, were caused by acts or omissions of EFC; these acts and omissions are not alleged to be in connection with other contractors. To the extent that Burns Brothers’ proof is based on acts or omissions to act in connection with other contractors, it could not be the basis of a recovery unless it was also proved that EFC was guilty of active interference, misrepresentations, fraud or bad faith (see Tully & Di Napoli v. State of New York, 34 A D 2d 439, 443, supra).
The next issue is whether the plaintiff’s second cause of action or the cross claims are barred by the alleged failure to comply with the notice provisions of section 2.03 of the contracts. The plaintiff and Burns Brothers contend first that section 2.03 is not applicable since their claims are not for “ extras ”. It is clear, however, that the notice provisions apply not only to claims for extras, but to any claim that an action or omission of EFC or the engineer is contrary to the terms and provisions of the contract. Nevertheless, there is some question as to whether or not all the claims asserted by plaintiff and Burns Brothers are based on acts or omissions of EFC which are “ contrary to the terms and provisions of the contract ”. Assuming the applicability of section 2.03, the court finds that there are questions of fact on two issues: (1) whether there was substantial compliance with the notice provisions by the plaintiff; and (2) whether EFC has waived and, therefore, should be estopped from asserting the notice provisions notwithstanding subdivision 3 of section 2.03 which states that no person has the power to waive the notice provisions of section 2.03.
In Amadeus, Inc. v. State of New York (36 A D 2d 873, app. dsmd. 29 N Y 2d 634), the court stated that in cases where the State is apprised of the contractor’s claim that extra work beyond the contract was being performed, the State has been *994 precluded from insisting upon strict compliance with the notice provisions. In the present case, both the plaintiff and Burns Brothers have offered sufficient evidence in the form of minutes of job meetings, correspondence and affidavits to make the question of waiver one for the trier of facts.
For the foregoing reasons, EFC’s motion for summary judgment is denied, without costs.