OPINION OF THE COURT
Wayne P. Saitta, J.
Third-party defendant, Koehler Masonry Corp. (hereinafter third-party defendant or Koehler), cross-moves for an order granting summary judgment dismissing the third-party complaint of defendants and third-party plaintiffs Hazen and Sawyer, P.C., Malcolm Pirnie, Inc., Hazen and Sawyer, EC./ Malcolm Pirnie, Inc., A Joint Venture (hereinafter Hazen and Sawyer), pursuant to CPLR 3212, and any and all cross claims and/or counterclaims.
Upon reading the notice of cross motion by Derek E. Barrett, Esq., dated October 16, 2009, together with the affirmation in support of Derek E. Barrett, Esq., dated October 16, 2009, and all exhibits annexed thereto; the affirmation in opposition to cross motion by Gail J. McNally, Esq., dated January 10, 2010; the reply affirmation by Derek E. Barrett, Esq., dated March 29, 2010; and after argument of counsel and due deliberation thereon, third-party defendant Koehler Masonry Corp.’s motion for summary judgment is granted for the reasons set forth below.
Facts
The relief sought by third-party defendant results from a personal injury action initiated by plaintiff Angelo Tavella. *887 Plaintiff claims he was injured on September 14, 2005 while he was employed by third-party defendant Koehler and working on a construction project at the Newtown Creek Water Pollution Control Plant in Brooklyn. The Newtown Creek Water Pollution Control Plant is owned by the City of New York (hereinafter the City or the Owner).
Hazen and Sawyer, a defendant in plaintiffs action, filed this third-party action on or about December 9, 2008 against the sole third-party defendant, Koehler, who was plaintiff’s employer. It is not in dispute that the plaintiff did not sustain a grave injury within the meaning of the Workers’ Compensation Law.
Hazen and Sawyer’s third-party action for contractual indemnification is based on the subcontract between Koehler and A.J. Pegno Construction Corp., Tully Construction Co., Inc., A.J. Pegno Construction Corp./Tully Construction Co., Inc., a Joint Venture (hereinafter Pegno/Tully).
Hazen and Sawyer was under contract with the City to provide all construction management services for the entire project, including resident engineering inspection.
Pegno/Tully was under contract with the City as a general structures prime contractor (hereinafter the principal contract) and subcontracted with Koehler, plaintiffs employer, to provide masoniy services.
Arguments
Koehler argues that since plaintiff did not sustain a grave injury, Hazen and Sawyer, a third party, is not entitled to seek relief against them pursuant to section 11 of the Workers’ Compensation Law. Koehler further argues that it did not expressly contract to indemnify Hazen and Sawyer, and therefore the third-party action against Koehler should be dismissed.
Koehler argues that it agreed to indemnify Pegno/Tully and the City only. It argues that the language in the subcontract which requires Koehler to assume the duties that Pegno/Tully assumed toward the owner in the principal contract was a general provision which related to the details of the work, and that the indemnification provision, which is found later in the subcontract, is specific and states that it applies only to the City and Pegno/Tully.
Hazen and Sawyer argues that it is entitled to indemnification from Koehler based on Koehler’s subcontract with Pegno/ *888 Tully. They argue that despite the fact that they are not named beneficiaries in the subcontract, Koehler assumed Pegno/Tully’s obligations under its contract with the City, including Pegno/ Tully’s obligation to indemnify other prime contractors such as Hazen and Sawyer. Hazen and Sawyer also argue that they are a third-party beneficiary of the subcontract between Pegno/ Tully and Koehler and thus can seek indemnification directly from Koehler.
Analysis
Since plaintiff did not suffer a grave injury, Koehler can only be liable for plaintiffs injury if Koehler contracted to indemnify a third party found liable for plaintiffs injuries.
In Rodrigues v N & S Bldg. Contrs., Inc. (5 NY3d 427, 431-432 [2005]), the Court of Appeals stated, “it is clear that, despite the Workers’ Compensation Law shield of employers from liability as joint tortfeasors, a third party may recover against an employer pursuant to contract” (citing Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 582 [1998]).
The contract, however, must comport with the Workers’ Compensation Law § 11 definition of a written contract, which requires that “the indemnification claim arise from an indemnification provision in a written contract entered into before the injury.” (Rodrigues v N & S Bldg. Contrs., Inc., 5 NY3d 427, 432-433 [2005].)
In Hooper Assoc. v AGS Computers (74 NY2d 487 [1989]), the Court of Appeals stated that
“[w]hen a party is under no legal duty to indemnify, a contract assuming that obligation must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed. The promise should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding facts and circumstances” (at 491-492 [citations omitted], citing Levine v Shell Oil Co., 28 NY2d 205, 211 [1971]; Kurek v Port Chester Hous. Auth., 18 NY2d 450, 456 [1966]).
The statute requires the written indemnification provision to include an agreement to indemnify the person asserting the indemnification claim for the type of loss suffered. (Rodrigues v N&S Bldg. Contrs., Inc., 5 NY3d 427 [2005].)
The Prime Contract
The principal contract between Pegno/Tully and the City provided that if Pegno/Tully was liable because of the act of an *889 other contractor it would not claim against the City as owner, but could seek indemnification from the other contractor. It also provided that Pegno/Tully would indemnify both the City and any other contractors held liable for the acts of Pegno/Tully or its subcontractors. All of the prime contracts entered into by the City for the Newtown Creek project contained similar provisions.
The Prime NC-31G contract reads, in pertinent part,
“Should the contractor sustain any damage through any act or omission of any other Contractor having a Contract with the City for the performance of work upon the site, or of work which may be necessary to be performed for the proper execution of the work to be performed hereunder, or through any act or omission of a subcontractor of such Contract, the Contractor shall have no claim against the City for such damage, but shall have a right to recover such damage from the other Contractor under the provisions similar to the following provisions which have been or will be inserted in the Contracts with such other Contractors.
“Should any other Contractor having or who shall hereafter have a Contract wit[h] the City for the performance of work upon the site sustain any damage through any act or omission of any subcontractor of the Contractor, the Contractor agrees to reimburse such other contractor for all such damages and to defend at his own expense any suit based upon such claim and if any judgment or claims against the City shall be allowed, the Contractor shall pay or satisfy such judgment or claim and pay all costs and expenses in connection therewith and shall indemnify an[d] hold the City harmless from all such claims.”
The Subcontract
The subcontract between Koehler and Pegno/Tully required the subcontractor Koehler to indemnify and save harmless Pegno/Tully and the City from all claims, demands, suits, costs or expenses because of bodily injury arising out of the subcontract.
The subcontract between Koehler and Pegno/Tully also provided that Koehler assumed “toward A.J. Pegno/Tully all the obligations and responsibilities that A.J. Pegno/Tully assumes towards Owner under the Principal contract.”
*890 The subcontract provides,
“The subcontractor expressly assumes toward A.J. Pegno/Tully all the obligations and responsibilities that A.J. Pegno/Tully assumes towards Owner under the Principal Contract, including the drawings, specifications, addenda, general and special conditions and other documents, all of which shall be considered part of the subcontract by reference thereto, and the Subcontractor agrees to be bound to A.J. Pegno/Tully by the terms and provisions thereof as . if actually written and made an express part of the Subcontract agreement. The Subcontractor further agrees to indemnify and save harmless A.J. Pegno/ Tully and the Owner from all claims, demands, suits, costs or expenses because of bodily injury, sickness or disease sustained by any person(s) including his employees, or damages to property arising out of his operations, work or materials, under this Subcontract agreement, irrespective or [sic] whether any claim, demand or suit seeks damages arising out of tortious conduct, breach of contract or otherwise.”
The subcontract in this case has two provisions; a general one in which Koehler assumes Pegno/Tully’s obligations, and a specific indemnification clause in which Koehler agrees to indemnify Pegno/Tully and the City, but not other contractors. Given the requirement that an obligation to indemnify must be strictly construed, the more limited indemnification provision, which immediately follows the general assumption of obligations provision must govern. Accordingly, since the specific indemnification provision does not mention Hazen and Sawyer, any other contractor or even any other party, the subcontract cannot be interpreted to require Koehler to. indemnify Hazen and Sawyer.
Hazen and Sawyer also argue that they are third-party beneficiaries of the contract between Koehler and Pegno/Tully.
“It is the generally accepted rule that the intent to confer a direct benefit on a third party must clearly appear in order to enable such a party, not named in the contract, to recover thereunder.” (Snyder Plumbing & Heating Corp. v Purcell, 9 AD2d 505, 508 [1960], citing Beveridge v New York El. R.R. Co., 112 NY 1, 26 [1889]; Leary v New York Cent. R.R. Co., 212 App Div 689 [1925]; French v Vix, 143 NY 90 [1894]; Weinbaum v Algonquin Gas Transmission Co., 20 Misc 2d 276 [1954], affd 285 *891 App Div 818 [1955], citing 17 CJS, Contracts § 519 [c] [2] [c], at 1127-1130 [1939 ed].)
It has also been held that it is the intention of the promisee which determines who is a third-party beneficiary. (MK W. St. Co. v Meridien Hotels, 184 AD2d 312 [1st Dept 1992].)
The general provision in the subcontract that Koehler assumes obligations of Pegno/Tully under the prime contract was clearly intended to benefit only Pegno/Tully and the City. It provides that Koehler assumes all obligations toward Pegno/ Tully that Pegno/Tully assumed toward the City. This intent is corroborated by the fact that the indemnification requirement specifies the parties Koehler must indemnify, namely Pegno/ Tully and the City, but does not mention or reference other contractors to be indemnified.
Accordingly, the subcontract between Pegno/Tully and Koehler, which references and incorporates certain terms and obligations of the principal contract, may be read to obligate Koehler to indemnify Pegno/Tully and the City, but it does not create an obligation for Koehler to indemnify any additional third party.
Hazen and Sawyer cite several cases for the proposition that they are entitled to indemnification through other contracting parties, although they were not parties to the same contract. (See KEC Corp. v New York State Envtl. Facilities Corp., 76 Misc 2d 170 [Sup Ct, Albany County 1973]; MT Reed Constr. Co. v Virginia Metal Prods. Corp., 214 F2d 127 [5th Cir 1954]; Broadway Maintenance Corp. v Rutgers, State Univ., 90 NJ 253, 447 A2d 906 [1982]; Visintine & Co. v New York, C. & St. L. R. Co., 169 Ohio St 505, 160 NE2d 311 [1959].) However, these cases deal with prime contractors seeking relief from other prime contractors on the same job, and not a prime contractor seeking relief from a subcontractor of another prime contractor, where the subcontractor had no contractual relationship with the party seeking relief.
It is clear from the language of the prime contract between Pegno/Tully and the City that the prime contracts were intended to give other prime contractors the reciprocal right to seek indemnification from each other. Pegno/Tully’s prime contract requires it to indemnify other prime contractors such as Hazen and Sawyer for liability resulting from the acts of its subcontractors, such as Koehler. The subcontract, however, does not contain, and was not intended to contain, such rights for the other prime contractors.
*892 Hazen and Sawyer also cite J. Louis Crum Corp. v Alfred Lindgren, Inc. (564 SW2d 544 [Mo App 1978]). In that case, one prime contractor sought contractual relief as a third-party beneficiary against another prime contractor, and against its subcontractor for negligent interference with contract. Since there is no negligent interference with contract claim against Koehler, that case is not applicable to these facts.
As the subcontract does not support Hazen and Sawyer’s position that they are entitled to contractual indemnification or to indemnification as a third-party beneficiary to the subcontract, Koehler is entitled to summary judgment.
This decision does not affect Hazen and Sawyer’s cross claims against codefendant Pegno/Tully in the first-party action.
Wherefore, third-party defendant Koehler’s motion for summary judgment is granted; and it is ordered that third-party plaintiffs Hazen and Sawyer’s third-party complaint is dismissed.