■ 981 THIRD AVENUE CORP., Appellant-Respondent, v JOHN D. BELTRAMINI, Respondent, and RECESS RESTAURANT, INC., Respondent-Appellant. — Order of the Supreme Court, New York County (D. Edwards, J.), entered December 2, 1983, which denied the motion by defendant Recess Restaurant, Inc., for summary judgment dismissing the complaint and denied the motion by plaintiff 981 Third Avenue Corp. for summary judgment against defendant Beltramini and the cross motion by plaintiff for summary judgment against defendant Recess, is modified, on the law, to grant plaintiff's motion for summary judgment against defendant Beltramini for its cause of action seeking specific performance for the conveyance of the premises and also to grant defendant Recess's motion for summary judgment against plaintiff dismissing the complaint as to it, and otherwise affirmed, with costs and disbursements payable by defendant Beltramini.

On October 9, 1967, plaintiff 981 Third Avenue and Beltramini entered into a written contract pursuant to which Beltramini agreed to sell to plaintiff the premiss known as 981 Third Avenue in Manhattan for the agreed price of $300,000, $100,000 of which was paid by plaintiff to Beltramini at the time the contract was executed.

According to paragraph 13 (a) of the contract, defendant Beltramini was allowed to fix the time for the closing as long as the closing was held on or before September 30, 1982. Though plaintiff has sought to close the agreement, the closing has not yet occurred.

The premises were sold subject to a lease between Beltramini and defendant Recess Restaurant, Inc., dated October 1, 1961.

The first term of the lease expired on September 30, 1982, the last day by which Beltramini was required to convey the premises to 981 Third Avenue.

The lease provided Recess Restaurant with a renewal option for a further term of 21 years. Paragraph second of the lease provides in pertinent part that "[t]he net annual rental for such renewal term shall be at an annual rate equal to [6%] of the market value of the land and building, considered as free of this lease and any renewal thereof * * * the renewal term shall not in any case be less than [$12,000] a year * * * In the event that the Landlord and Tenant do not agree upon the net annual rental for such renewal term at least twelve (12) months before the expiration of the term, the market value of the land and building shall be determined by appraisal as hereinafter provided". Recess elected to renew its lease by notice dated April 10, 1980. Beltramini and Recess Restaurant renewed the lease for a 21-year term beginning October 1, 1982 and terminating September 30, 2003, by agreement dated July 20, 1981, at an annual rental of $30,000. Beltramini and Recess had agreed on this $30,000 figure, which was also supported by an appraisal of the building, done by Helmsley-Spear, which set the building's value at $500,000.

Plaintiff instituted this action to enforce its contract of sale with Beltramini, to enforce the provision of the lease which requires that the renewal rent be set at 6% of the market value of the premises, and to obtain damages for the failure of Beltramini and Recess to allegedly set the proper renewal rent, asserting the renewal rent arrived at was not based on a true assessment of "fair market value".

After answers were served, Recess moved for summary judgment against plaintiff, which cross-moved for summary judgment against Recess Restaurant and, in a separate motion, moved for summary judgment against Beltramini. Special Term denied the motions and cross motion.

Plaintiff claims that it is a third-party beneficiary of the lease between Beltramini and Recess Restaurant and thus is entitled to enforce its provisions and receive damages for its breach. The renewal lease commenced October 1, 1982 and the recorded contract of sale required Beltramini to convey the premises to 981 Third Avenue no later than September 30, 1982.

However, plaintiff is not specifically seeking to enforce its rights under the renewal lease, but rather is seeking to enforce the provisions of the original lease which was signed between Beltramini and Recess Restaurant in 1961. The provisions of that lease, as stated above, provide that if the parties cannot

agree on what constitutes the fair market value of the building, they shall hire an independent appraiser. The lease further provides that the renewal rent shall be 6% of the fair market value of the building. Again, however, the lease allows the "fair market value" to be determined by agreement between the two parties; only if agreement cannot be reached is an appraiser necessary under the terms of the lease. Plaintiff now seeks an independent appraisal of the building, claiming that the renewal rent of $30,000 per year does not reflect the fair market value of the premises. Plaintiff is thus really seeking to enforce the 1961 lease. "In determining a plaintiff's asserted right as a third-party beneficiary, it is necessary to determine the intent of the contracting parties, as it is often stated by the courts that the contract must have been intended for the benefit of the third person in order to entitle him to enforce the same, or at least that such benefit must be the direct result of performance and so within the contemplation of the parties." (22 NY Jur 2d, Contracts, § 273; *see also, Burns Jackson Miller Summit & Spitzer v Lindner*, 59 NY2d 314.) While it is true, as plaintiff points out, that "it is not necessary that third-party beneficiaries be identified or identifiable at the time of the making of the contract" (*see, Vandewater & Lapp v Sacks Bldrs.*, 20 Misc 2d 677), it is also true that the person who claims to be a third-party beneficiary must be one of a class of persons intended to be benefited (22 NY Jur 2d, Contracts, § 275). When Beltramini and Recess Restaurant entered into the 1961 lease, they did not intend the provisions of that lease to benefit any third party. Thus, plaintiff cannot be said to be a third-party beneficiary of that lease.

Plaintiff further contends that, under the terms of paragraph 15 of the contract of sale, it has the right to force Beltramini and Recess Restaurant to order a second independent appraisal of the building and to base the 6% rent on that new appraisal. In support of this argument, plaintiff cites the language of paragraph 15, which provides that: "Purchaser shall further have the right, at its option, provided it is not in default hereunder, to enforce, in the name of the Seller, but at its own cost and expense, any and all rights which the Seller has under the existing lease, or any replacement thereof, so as to compel the tenant to comply with all its obligations thereunder." Special Term found this paragraph to be "ambiguous".

However, by its terms, plaintiff had the right to enforce any of Beltramini's rights which he did not enforce or which he could not enforce. This provision does not allow plaintiff to renegotiate a lease, particularly since, in this instance, the renewal lease was negotiated strictly within the terms of the 1961 lease.

Under that lease, the parties had to hire an appraiser *only* if they failed to reach an agreement as to what constituted fair market value of the premises. They did reach an agreement. They agreed that the fair market value of the building was $500,000, which was the figure arrived at by an appraisal by Helmsley-Spear. The renewal lease is a fairly negotiated, arm's length transaction, strictly within the terms of the 1961 lease. Plaintiff has no right to void that transaction.

By its terms, the 1982 renewal lease began on the day after the last day by which Beltramini, according to the contract of sale, was to convey the premises to 981 Third Avenue. As regards this renewal lease, plaintiff is, at best, an incidental beneficiary. It appears that, at that time, Beltramini had no intention of closing the sale to 981 Third Avenue. To date, he has offered no excuse for not closing the deal. Thus, it cannot be said that he intended to benefit 981 Third Avenue when he negotiated the renewal lease. "In order for a person to enforce a contract as a third-party beneficiary, the benefit must be one which is not merely incidental. The benefit must be immediate in such a sense and to such a degree as to indicate the assumption of a duty to make reparation if the benefit is lost. Absent such intent, the third party is merely an incidental beneficiary with no right to enforce the contract." (22 NY Jur 2d, Contracts, § 274).

In any event, as noted above, it is really the provisions of the 1961 lease that plaintiff seeks to enforce. As to that lease, it is clear that plaintiff is not a third-party beneficiary.

Plaintiff is entitled to an order requiring Beltramini to specifically perform the contract of sale by conveying the premises to it. By terms of the contract of sale, Beltramini was to agree to close title no later than September 3, 1982. To date, he has refused to close title. He first requested more time to do so because of ill health, but, in the papers before this court, he does not offer even that excuse. In fact, Beltramini is entirely silent as to why he has refused to close title. When plaintiff moved for summary judgment on this issue below, Beltramini did not submit any affidavit in opposition, no less one setting forth evidentiary facts necessary to defeat the motion. The Court of Appeals has held that "denial of specific performance would constitute an abuse of discretion as a matter of law if there is no evidence to sustain the conclusion that requiring it would be a 'drastic' or harsh remedy" (*Da Silva v Musso*, 53 NY2d 543, 547).

Insofar as Recess is concerned, the restaurant has no fiduciary duty or other obligations to plaintiff. Recess merely negotiated a renewal lease in accordance with the terms of its 1961 lease.

Thus, plaintiff's action seeking "specific performance" of the renewal lease, by which it means a reassessment of the 6% rental figure, must fail. While it may have benefited greatly from the renewal lease transaction, there has been no showing of any wrongful or fraudulent conduct on its part leading to "unjust" enrichment.

Settle order. Concur — Carro, J. P., Asch, Fein and Milonas, JJ.