OPINION OF THE COURT
 

 Memorandum.
 

 On plaintiff’s appeal as against defendant Recess Restaurant, the order of the Appellate Division should be affirmed,
 
 *742
 
 with costs. Plaintiff's appeal as against defendant Beltramini should, however, be dismissed, without costs.
 

 The Appellate Division having modified as to Recess by dismissing the entire complaint as to it and there being no cross claims between it and Beltramini, there is party finality as to Recess. As to Beltramini, however, the Appellate Division granted plaintiff summary judgment on the cause of action for specific performance but left four other causes of action pending. Plaintiff’s appeal as to Beltramini must be dismissed for nonfinality, therefore, despite plaintiff’s claim that the "effect” of dismissing the complaint as to Recess is "that plaintiff has no cause of action against Beltramini for damages.” Appeal to this court lies only from an order or judgment of the Appellate Division, not from the implied effect of its decision (CPLR 5601 [a];
 
 Berney v General Acc. Fire & Life Assur. Corp.,
 
 42 NY2d 870; Siegel, NY Prac § 524, at 719).
 

 Plaintiff’s causes of action against Recess seek to recover as a third-party beneficiary of the lease between Beltramini and Recess, for negligence on the part of Recess in performance of the lease provision fixing the renewal rental, for unjust enrichment and for fraud. None of the causes of action can be sustained, regardless of plaintiff’s standing as a third-party beneficiary, a question we need not decide, for the renewal rent was fixed in accordance with the requirements of the renewal clause of the lease.
 

 That clause fixed the annual rent for the renewal term at 6% of the market value of the land and building free of the lease and any renewal thereof, but not less than $12,000. However, it also provided that: "In the event that the Landlord and Tenant do not agree upon the net annual rental for such renewal term at least twelve (12) months before the expiration of the term, the market value of the land and building shall be determined by appraisal”. Beltramini and Recess agreed upon a market value of $500,000 and an annual rental of $30,000. That Recess forwarded to Beltramini an appraisal which may not have arrived at market value as provided in the renewal clause establishes no breach of the lease provision, for market value was to be determined by appraisal only if Beltramini and Recess did not agree upon the net annual rental, an event which, in fact, never occurred.
 

 Moreover, there being nothing to establish that Recess relied upon or was even aware of plaintiff’s contract with
 
 *743
 
 Beltramini, Recess owed plaintiff no duty of reasonable care in fixing the renewal rental under its lease with Beltramini
 
 (cf. White v Guarente,
 
 43 NY2d 356, 363) and cannot be said "in equity and good conscience” to have been unjustly enriched
 
 (Miller v Schloss,
 
 218 NY 400, 407;
 
 see, Bradkin v Leverton,
 
 26 NY2d 192, 197). Finally, no evidence has been presented in support of the cause of action for fraud, which, indeed, alleges only a misrepresentation to plaintiff by Beltramini, not by Recess.
 

 Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander and Titone concur in memorandum; Judge Hancock, Jr., taking no part.
 

 On plaintiff’s appeal as against defendant Recess Restaurant, Inc., order affirmed, etc.