■ CDC NASSAU ASSOCIATES, Plaintiff, and MARK SCHARF-MAN et al., Appellants, v ELLICE FATOULLAH et al., Individually and Doing Business as NASSANN REALTY COMPANY, Respondents.—Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered January 24, 1991, which granted plaintiff Mark Scharfman's motion to amend the complaint only to the extent of adding MS Nassau Realty Associates as a party plaintiff, and otherwise denied the motion as to the proposed second, third and fourth causes of action, unanimously modified, on the law and the facts, to grant the motion as to the proposed third and fourth causes of action, and otherwise affirmed, without costs.

We agree with the IAS court that the parties to the Settlement Agreement did not intend to benefit MS Nassau either before or after the exercise of the option(s) set forth therein *(see, Braten v Bankers Trust Co.,* 60 NY2d 155, 163-164; *981 Third Ave. Corp. v Beltramini,* 108 AD2d 667, *affd in part and dismissed in part* 67 NY2d 739). However, the assignment of CDC Nassau's leasehold interest in the premises to MS Nassau created independent rights and obligations as between the latter and defendants in their new relationship of landlord and tenant. While a determination of the proposed causes of action relating to rent and defendants' right to terminate MS Nassau's leasehold may depend upon defendants' status as owner and landlord of the leased premises vis-à-vis CDC Nassau, such causes of action are not dependent upon any third party beneficiary status, and should not have been

dismissed on that basis. Concur—Carro, J. P., Wallach, Asch and Smith, JJ.