(November 12, 1998)

■ CAROL A. GONZALEZ, Individually and as Adminstratrix of the Estate of SHONA C. BAILEY, Deceased, Respondent, v NATIONAL CORPORATION FOR HOUSING PARTNERSHIPS et al.,

Defendants, and FJC SECURITY SERVICES, INC., Appellant. [679 NYS2d 395] —Order, Supreme Court, New York County (Norman Ryp, J.), entered May 8, 1997, which denied defendant's cross-motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the cross-motion granted and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendant, FJC Security Services, Inc., dismissing the complaint as against it.

Plaintiff's decedent was robbed, assaulted and killed in the basement of a building for which defendant security company was hired by the building owner to provide security services. Although police suspected that the perpetrator was a specific security guard on duty that evening, the guard's death in an unrelated incident prevented further investigation. Plaintiff seeks to hold the security company liable in negligence for its alleged breach of duty to decedent and for negligent hiring. The IAS Court, noting the prior crime history of the housing complex and ambiguity in the nature of the services provided by the security guards, found a triable issue as to whether or not plaintiff's decedent was an intended third-party beneficiary of the security contract between the building owner and the security company, and on that basis denied the cross-motion by defendant security company for summary judgment dismissing the complaint. However, in view of the absence of any proof in support of such a claim of third-party contractual rights, we reverse and dismiss the complaint as against the security company.

We have found no duty arising out of a contract to a third party by a contracting party unless that party directly undertook to confer benefits on the putative beneficiary or upon a class of persons to whom the putative beneficiary belonged (*981 Third Ave. Corp. v Beltramini*, 108 AD2d 667, 669, *affd in part and appeal dismissed in part* 67 NY2d 739), which, in this case, requires reference to the contract between the security company and the building owner, which are the contracting parties (*see, Bernal v Pinkerton's, Inc.*, 52 AD2d 760, *affd* 41 NY2d 938; *O'Gorman v Gold Shield Sec. & Investigation*, 221 AD2d 325). The security company is entitled to summary judgment in the absence of such a direct contractual duty flowing to third-party tenants, especially given the absence of evidence of a forced entry (*Pagan v Hampton Houses*, 187 AD2d 325). Since no such evidence of a duty arising under the contract is present in this case, there is no triable issue regarding the security company's alleged breach of that duty. The absence of a relationship between the employer and plaintiff's decedent also

defeats the negligent hiring claim (*cf.*, *Andersen v Suska Plumbing*, 246 AD2d 475; *cf.*, *Brandt v Elghanayan*, 242 AD2d 240), especially since there is no evidence of the employer's departure in this case from established hiring procedures (*Kenneth R. v Roman Catholic Diocese*, 229 AD2d 159, *lv dismissed* 91 NY2d 848, *cert denied* 522 US 967). We have considered respondent's remaining claims and find them to be without merit. Concur—Sullivan, J. P., Rubin, Tom and Saxe, JJ.