■ FRANKART FURNITURE STATEN ISLAND, INC., as Assignee of LEONARD FRANKEL, Respondent, v FOREST MALL ASSOCIATES, Appellant.—Order, Supreme Court, New York (Ethel B. Danzig, J.), entered on or about March 30, 1989, granting plaintiff's motion to serve an amended complaint and denying defendant's cross motion to dismiss the complaint, unanimously affirmed, with costs.

Plaintiff, Frankart Furniture Staten Island, Inc. (Frankart I), is in the business of retail furniture sales on a consignment basis in Staten Island, New York. Frankart Distributors, Inc. (Frankart II) is the actual owner of the furniture which is sold by Frankart I in a store leased from the defendant. Leonard Frankel and Bernard Frankel are the principals of both business entities. Because of flood damage to its premises beginning in May of 1983, Frankart I commenced an action on November 2, 1984 for property damage and loss of income

based upon causes of action sounding in negligence, breach of contract, breach of warranty, and trespass. In the course of discovery, plaintiff's attorney realized that the damaged property actually belonged to Frankart II and sought leave to amend its summons and complaint pursuant to CPLR 3025 (b) and 2001 in order to add Frankart II as a party plaintiff. The defendant cross-moved for an order dismissing the complaint on the ground that plaintiff was not the owner of the property involved and had no standing to bring the lawsuit, and for summary judgment on the ground that there were no triable issues to warrant a trial.

This court has recently held in similar circumstances that leave to amend should be freely given in the absence of prejudice to the other party traceable to the omission in the original pleading, some change of position or hindrance in the preparation of a case, or significant trouble or expense that could have been avoided if the original pleading had contained what the amended one seeks to add *(Bellini v Gersalle Realty Corp.,* 120 AD2d 345, 347). In the case at bar, defendant did not show that it would suffer any prejudice if the amendment were granted or that its position had changed. Defendant was always aware of the claims alleged against it and had sufficient time to prepare its defense. Nor was there any showing that defendant would have incurred significant trouble or expense if the amendment were allowed since its preparation against Frankart I's claim for property damages was no different from the preparation defendant would need to make as to Frankart II's claim for damages. As the IAS court correctly noted, plaintiff moved to amend while discovery was still in progress and not on the eve of trial, and thus defendant is still in a position to obtain any information it might require about the transaction in issue.

In *Covino v Alside Aluminum Supply Co.* (42 AD2d 77, 81), the Appellate Division, Fourth Department, stated: "Defendants cannot complain that they are prejudiced on the ground that the Statute of Limitations has run because when a court permits an amendment of the title to an action, even though the Statute of Limitations has run, there is no prejudice so long as defendant has not been brought into the action for the first time by the amendment".

The court further held, in words clearly pertinent here: "Courts sit in furtherance of justice. To allow dismissal of the complaint herein would not only disregard the policy of liberality in permitting the correction of a mistake but would also be tantamount to elevating form over substance". *(Supra,* at

81.) Concur—Sullivan, J. P., Carro, Milonas, Rosenberger and Ellerin, JJ.