■ MK West Street Company et al., Appellants-Respondents, v Meridien Hotels, Inc., et al., Respondents-Appellants.—Order, Supreme Court, New York County (Harold Tompkins, J.), entered November 26, 1991, which, *inter alia*, granted defendants' motion for summary judgment only to the extent of dismissing the third and fourth causes of action of the amended complaint and which denied defendants summary judgment on their counterclaim for liquidated damages, unanimously modified, on the law, to deny defendants' motion for summary judgment dismissing the third and fourth causes of action, and is otherwise affirmed, with costs.

Order of the same court and Justice, entered February 13, 1992, which, *inter alia*, denied the motion by plaintiff MK West Street Company ("MK West") to amend the complaint, unanimously modified, on the law and on the facts, to grant leave to amend, and otherwise affirmed, with costs.

In the underlying action, plaintiff MK West, a limited real estate development partnership, and plaintiff Water West, Inc. ("Water West"), a general partner of MK West, seek to recover damages from defendant Meridien Hotels, Inc. ("Meridien") and its parent company, defendant Meridien Gestion, S.A., under an unconditional written guarantee of Meridien's performance, arising from defendant Meridien's alleged wrongful termination and breach of three interrelated agreements for the development of a luxury hotel in lower Manhattan.

We agree with the IAS court that summary judgment in defendants' favor dismissing the first and second causes of action asserted by plaintiff MK West was precluded by triable issues of fact as to whether the defendants were, in fact, entitled to rescind or terminate the contracts based upon the plaintiffs' alleged default, as to whether the defendants had inflated the cost of the project, and as to whether the defendants were responsible for the financing problems encountered in attempting to timely complete the project.

Meridien's repudiation of the parties' agreements, in an unconditional letter of termination which failed to offer any opportunity to cure the purported defaults under the agreements, relieved plaintiff MK West of any obligation to commence and effectuate a cure, and entitled plaintiff MK West to treat the contracts as terminated and attempt to mitigate its damages by arranging a substitute transaction with another entity promptly after repudiation *(Wilmot v State of New York,* 32 NY2d 164; *Saboundjian v Bank Audi,* 157 AD2d 278; *Filmtrucks, Inc. v Express Indus. & Term. Corp.,* 127 AD2d 509).

We find, however, that the IAS court erred in dismissing the third and fourth causes of action of the amended complaint based upon the court's determination that plaintiff Water West was not entitled to recover a developer's fee from the defendants as a third-party beneficiary of the parties' agreements since it is well settled that the identity of a third-party beneficiary need not be set forth in the contract or, for that matter, even be known as of the time of its execution *(981 Third Ave. Corp. v Beltramini,* 108 AD2d 667, *affd* 67 NY2d 739), that the intention which controls in determining whether a stranger to a contract qualifies as an intended third-party beneficiary is that of the promisee, plaintiff MK West herein *(Goodman-Marks Assocs. v Westbury Post Assocs.,* 70 AD2d 145, 148), and that, where, as here, a genuine issue exists as to the parties' intention to benefit another, a triable issue of fact is presented which is not appropriate for summary disposition. *(Fourth Ocean Putnam Corp. v Interstate Wrecking Co.,* 108 AD2d 3, *affd* 66 NY2d 38.)

Similarly, we find that plaintiff Water West's claim as a partner of plaintiff MK West against defendant Meridien for loss of its ownership interest as a result of defendant Meridien's breach, is separate and independent from plaintiff MK West's claim against defendant Meridien on behalf of the partnership *(Fifty States Mgt. Corp. v Niagara Permanent Sav. & Loan Assn.,* 58 AD2d 177; *Shapolsky v Shapolsky,* 53 Misc 2d 830, *affd* 28 AD2d 513).

It is well settled that an amendment which would shift a claim from a party without standing to another party who could have asserted that claim in the first instance is proper since such an amendment, by its nature, does not result in surprise or prejudice to the defendants who had prior knowledge of the claim and an opportunity to prepare a proper defense *(American Home Assur. Co. v Scanlon,* 164 AD2d 751; *Frankart Furniture Staten Is. v Forest Mall Assocs.,* 159 AD2d

322; *Bellini v Gersalle Realty Corp.,* 120 AD2d 345). Although plaintiffs Water West and MK West are entitled to recover the developer's fee only once, nevertheless, both may assert a claim for that fee in the alternative (CPLR 1002 [a]).

We have reviewed the remaining claims and find them to be without merit. Concur—Sullivan, J. P., Milonas, Asch and Kassal, JJ.