■ NEW YORK STATE THRUWAY AUTHORITY, Respondent, v CBE CONTRACTING CORP., Appellant. [721 NYS2d 328] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered January 4, 2000, which, in an action for indemnification by the owner of a construction project against a subcontractor arising out of personal injuries sustained by a laborer, inter alia, granted plaintiff's motion for summary judgment, unanimously affirmed, without costs.

We reject defendant's contention that the amendment of the complaint substituting the New York State Thruway Authority as plaintiff for the State of New York violated defendant's right to due process, or was otherwise improper. "It is well settled that an amendment which would shift a claim from a party without standing to another party who could have asserted that claim in the first instance is proper since such an amendment, by its nature, does not result in surprise or prejudice to the defendants who had prior knowledge of the claim and an opportunity to prepare a proper defense." (MK W. St. Co. v Meridien Hotels, 184 AD2d 312, 313-314.) On the merits, we reject

defendant's argument that issues of fact exist as to the extent to which plaintiff retained supervisory control over the work site and whether any negligence by plaintiff contributed to the accident. It is undisputed that the laborer was defendant's special employee, was directed by defendant to construct a scaffold, used wood provided by defendant to do so, was told that the wood selected was unsafe by defendant's employee, who apparently thereafter took no further safety measures, and was injured when the wood broke and the scaffold collapsed. These facts leave no room for finding plaintiff partially at fault for the accident even if it engaged in general inspections of the work. Also, in a prior action brought by the laborer directly against defendant, defendant successfully argued that such action should be dismissed as barred by the exclusivity provisions of the Workers' Compensation Law since, inasmuch as it alone supervised and controlled the laborer's work at the site, including the erection of the scaffold that collapsed, the laborer was its special employee. Given these circumstances, defendant is judicially estopped from asserting that plaintiff had any control over the laborer's work (*see, All Terrain Props. v Hoy*, 265 AD2d 87, 93). Concur—Rosenberger, J. P., Nardelli, Andrias, Ellerin and Saxe, JJ.