■ JCD Farms, Inc., Respondent, v Carl E. Juul-Nielsen et al., Appellants. [751 NYS2d 421] —In an action, inter alia, to recover damages for breach of contract, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Warshawsky, J.), entered January 11, 2002, as granted that branch of the plaintiff's motion which was to substitute JCD Farms, Inc., as the party plaintiff in the action, and denied those branches of their cross motion which were for leave to amend their answers to include the defense of lack of capacity to sue, and to dismiss the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly granted that branch of the plaintiff's motion which was to substitute JCD Farms, Inc., as the party plaintiff in this action, in the place of the original plaintiff, James Kirvin III (see CPLR 1003, 3025 [b]). " 'It is well settled that an amendment which would shift a claim from a party without standing to another party who could have asserted that claim in the first instance is proper since such an amendment, by its nature, does not result in surprise or prejudice to the defendants who had prior knowledge of the claim and an opportunity to prepare a proper defense' " (New York State Thruway Auth. v CBE Contr. Corp., 280 AD2d 390, quoting MK W. St. Co. v Meridien Hotels, 184 AD2d 312, 313-314; see Frankart Furniture Staten Is. v Forest Mall Assoc., 159 AD2d 322, 323; Bellini v Gersalle Realty Corp., 120 AD2d 345, 347). The defendants did not show that they would suffer any prejudice if the amendment was granted (see Frankart Furniture Staten Is. v Forest Mall Assoc., supra).

The defendants' remaining contentions are either unpreserved for appellate review or without merit. Santucci, J.P., Townes, Crane and Rivera, JJ., concur.