■ Bruce Fulgum et al., Respondents, v Town of Cortlandt Manor, Appellant, et al., Defendant. [797 NYS2d 507]—

In an action to recover for damage to property, (1) the defendant Town of Cortlandt appeals (a), as limited by its brief, from so much of an order of the Supreme Court, Westchester County (DiFiore, J.), dated March 2, 2004, as granted the motion of the plaintiff John F. Fogarty for leave to serve an amended complaint adding F & F-426, Inc., as an additional party plaintiff, and (b) from an order of the same court (Murphy, J.), entered June 24, 2004, which denied its motion, in effect, to dismiss the complaint insofar as asserted on behalf of F & F-426, Inc., and against it and granted the cross motion of the plaintiff John F. Fogarty for leave to amend the notice of claim to the extent that F & F-426, Inc., was substituted as the party claimant in the notice of claim, and (2) the defendant County of Westchester separately appeals from the order dated March 2, 2004.

Ordered that the appeal by the defendant County of Westchester is dismissed as abandoned (see 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the order dated March 2, 2004, is affirmed insofar as appealed from; and it is further,

Ordered that the order entered June 24, 2004, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondent John F. Fogarty.

The Supreme Court properly granted the motion of the plaintiff John F. Fogarty for leave to serve an amended complaint to name F & F-426, Inc. (hereinafter F & F), as an additional party plaintiff (see CPLR 1002 [a]; 3025 [b]). Fogarty and the plaintiff Bruce Fulgum, as sole shareholders and corporate officers of F & F, do not have standing to bring an action for a wrong committed against F & F (see Schleidt v Stamler, 106 AD2d 264 [1984]). The amendment, which sought

only to shift the claims from the plaintiffs to a party which could have asserted those claims in the first instance, is proper since such an amendment, by its nature, did not result in surprise or prejudice to the appellant, who had prior knowledge of the claim and an opportunity to prepare a proper defense (*see JCD Farms v Juul-Nielsen*, 300 AD2d 446 [2002]; *New York State Thruway Auth. v CBE Contr. Corp.*, 280 AD2d 390 [2001]; *MK W. St. Co. v Meridien Hotels*, 184 AD2d 312, 313-314 [1992]; *Frankart Furniture Staten Is. v Forest Mall Assoc.*, 159 AD2d 322, 323 [1990]; *Schleidt v Stamler, supra*).

Furthermore, contrary to the appellant's contention, the motion for leave to amend the complaint to add F & F as a party plaintiff was not barred by the applicable statute of limitations. The amendment relates back to the original complaint, since the substance of the claims of F & F and those of Fogarty and Fulgum are virtually identical, the ad damnum clause is the same in the proposed amended complaint as in the original complaint, and F & F is closely related to Fogarty and Fulgum (*see* CPLR 203 [f]; *Key Intl. Mfg. v Morse/Diesel, Inc.*, 142 AD2d 448, 458-459 [1988]; *Schleidt v Stamler, supra*).

Moreover, contrary to the appellant's contention, the cross motion for leave to amend the notice of claim to add F & F as an additional claimant was not time-barred pursuant to General Municipal Law § 50-e (5). The appellant was timely notified of the claims that F & F seeks to assert since they were based upon the same facts set forth in the original notice of claim served by the plaintiffs. Under these circumstances, there was no prejudice to the appellant (*see* General Municipal Law § 50-e [6]; *Winbush v City of Mount Vernon*, 306 NY 327 [1954]; *Burgarella v City of New York*, 265 AD2d 361 [1999]; *Garcia v New York City Hous. Auth.*, 202 AD2d 471 [1994]; *Dodd v Warren*, 110 AD2d 807 [1985]). Krausman, J.P., Luciano, Mastro and Lifson, JJ., concur.