■ In the Matter of SHELTER ISLAND ASSOCIATION et al., Appellants, v ZONING BOARD OF APPEALS OF TOWN OF SHELTER ISLAND et al., Respondents. [869 NYS2d 615]—

As the Supreme Court correctly found, the originally-named petitioners, three individuals and an association of homeowners, lacked standing to commence the instant proceeding because they failed to establish that any of the individual petitioners or any member of the petitioner association would suffer any environmental "injury that is in some way different from that of the public at large" or that the alleged injury "falls within the 'zone of interests,' or concerns, sought to be promoted or protected by the statutory provision" (*Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 772-774 [1991]; *see Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead*, 69 NY2d 406, 414 [1987]; *Matter of Barrett v Dutchess County Legislature*, 38 AD3d 651, 653 [2007]; *Matter of Long Is. Contractors' Assn. v Town of Riverhead*, 17 AD3d 590, 595 [2005]).

The petitioners cross moved, inter alia, for leave to amend the petition to add additional petitioners, at least one of whom met one of the criteria for standing. Adding additional petitioners would not have resulted in surprise or prejudice to the respondents, who had prior knowledge of the claims and an opportunity to prepare a proper defense (*see Fulgum v Town of Cortlandt Manor*, 19 AD3d 444 [2005]; *JCD Farms v Juul-Nielsen*, 300 AD2d 446 [2002]; *New York State Thruway Auth. v CBE Contr. Corp.*, 280 AD2d 390 [2001]; *MK W. St. Co. v Meridien Hotels*, 184 AD2d 312, 313-314 [1992]). Moreover, the cross motion, among other things, for leave to amend the peti-

tion was not barred by the applicable statute of limitations. The amendment relates back to the original petition, since the substance of the claims are virtually identical, the relief sought is essentially the same, and the new petitioners, like the original petitioners, are residents of the respondent Town of Shelter Island (*see* CPLR 203 [f]; *Fulgum v Town of Cortlandt Manor,* 19 AD3d at 444; *Key Intl. Mfg. v Morse/Diesel, Inc.,* 142 AD2d 448, 458 [1988]; *see also Bellini v Gersalle Realty Corp.,* 120 AD2d 345, 347 [1986]).

Nonetheless, the Supreme Court did not err in denying that branch of the petitioner's cross motion which was for leave to amend the petition and in dismissing the proceeding, as none of the petitioners, including the four additional petitioners that the original petitioners sought to add, had standing. The petitioners established that at least one of the new petitioners, William Packard, resided about 250 feet away from, and thereby in close proximity to, the subject property. While they were not required to allege a specific harm for him to have standing (*see Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead,* 69 NY2d at 414; *see Matter of Har Enters. v Town of Brookhaven,* 74 NY2d 524, 528 [1989]; *Matter of Long Is. Pine Barrens Socy. v Planning Bd. of Town of Brookhaven,* 213 AD2d 484, 485 [1995]), they were still required to establish that his interests were arguably within the "zone of interests" to be protected by the statute (*Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead,* 69 NY2d at 414; *see Matter of Dairylea Coop. v Walkley,* 38 NY2d 6, 9 [1975]; *Matter of Brighton Residents Against Violence to Children v MW Props.,* 304 AD2d 53, 57 [2003]). The petitioners' generalized allegations of increased traffic and the effect on the water table resulting from the addition of one or two tenants to the subject property are insufficient to establish such standing; the petitioners have not demonstrated any "alleged environmental harm that is different from that suffered by the public at large and that comes within the zone of interest protected by SEQRA" (*Matter of Barrett v Dutchess County Legislature,* 38 AD3d 651, 654 [2007]; *see Society of Plastics Indus. v County of Suffolk,* 77 NY2d at 775; *Matter of Mobil Oil Corp. v Syracuse Indus. Dev. Agency,* 76 NY2d 428, 433 [1990]). Thus, since neither the original petitioners nor those sought to have been added had standing, the Supreme Court properly granted the respondents' motion and denied the petitioners' cross motion, inter alia, for leave to amend the petition, denied the petition, and dismissed the proceeding without considering the merits of the petition (*see Society of Plastics Indus. v County of Suffolk,* 77 NY2d at 780). In light of this disposition, the

petitioners' remaining contentions either have been rendered academic or are without merit. Skelos, J.P., Lifson, Santucci and Balkin, JJ., concur.