In an action, inter alia, for a judgment declaring that the plaintiff is the holder of a valid first mortgage lien on the subject property, the defendant Misbah Imtiaz appeals from an order of the Supreme Court, Suffolk County (Gazzillo, J.), dated June 23, 2011, which denied her motion pursuant to CELR 3211 to dismiss the complaint, inter alia, on the ground that the plaintiff lacks standing to maintain the action, granted the plaintiff’s cross motion to substitute another entity as the plaintiff, and directed the Clerk of the County of Suffolk to accept and record a certified true copy of the mortgage.
Ordered that the order is reversed, on the law, with costs, those branches of the motion of the defendant Misbah Imtiaz which were pursuant to CELR 3211 (a) (1) and (3) to dismiss the complaint on the ground that the plaintiff lacks standing to maintain the action are granted, and the plaintiffs cross motion to substitute another entity as the plaintiff is denied.
By summons, complaint, and notice of pendency filed on January 25, 2010, the plaintiff, Midland Mortgage Company, commenced this action seeking, inter alia, a judgment declaring that it is the holder of a valid first mortgage lien encumbering certain real property owned by the defendant Misbah Imtiaz (hereinafter the appellant). The appellant was served with the summons, complaint, and notice of pendency on February 23, 2010.
On April 26, 2010, the appellant moved, inter alia, pursuant *774 to CPLR 3211 (a) (1) and (3) to dismiss the complaint, attaching documentary evidence establishing that she granted the subject mortgage to Opteum Financial Services, LLC (hereinafter Opteum), to secure a loan from Opteum, and that Mortgage Electronic Registrations Systems, Inc. (MERS), as nominee for Opteum, was the mortgagee of record for the purposes of recording the mortgage. The appellant contended that the documentary evidence established that the plaintiff was not the mortgagee and did not have standing to maintain this action.
On June 10, 2010, the plaintiff cross-moved pursuant to CPLR 1001, 1002 and 1003 for joinder of a necessary party, U.S. Bank National Association as trustee on behalf of the holders of Citigroup Mortgage Loan Trust Inc. Asset-Backed Pass-Through Certificates, Series 2006-FX1 (hereinafter U.S. Bank). The plaintiff conceded that it did not have standing to maintain this action because it was the mortgage servicer of the subject mortgage and note, not the mortgagee. The plaintiff sought to substitute U.S. Bank as the plaintiff in the action, appending a document dated May 19, 2010, by which MERS, “acting solely as nominee for Opteum,” assigned the subject mortgage and underlying promissory note to U.S. Bank. In reply to the appellant’s motion to dismiss, the plaintiff submitted a copy of the original note executed by the appellant and by a representative of Opteum, as lender. The note contained no further endorsement.
In opposition to the cross motion, the appellant contended that U.S. Bank cannot be substituted as the plaintiff because it was not the holder of the mortgage and note or the assignee of the mortgage and note under a valid assignment prior to the commencement of the action, and thus, it did not have standing to maintain the action.
The Supreme Court deemed the cross motion to be, in effect, pursuant to CPLR 1012 (a) (3) for U.S. Bank to intervene as of right, and granted the cross motion, holding that the plaintiff established that U.S. Bank was the proper plaintiff with a real and substantial interest in the outcome of the litigation. Upon substituting the plaintiff, the Supreme Court denied the appellant’s motion to dismiss.
The plaintiff failed to establish that either it, or the party it wished to substitute as the plaintiff, had standing to maintain the action. Standing requires an inquiry into whether a litigant has “an interest ... in the lawsuit that the law will recognize as a sufficient predicate for determining the issue at the litigant’s request” (Caprer v Nussbaum, 36 AD3d 176, 182 [2006]). “In a mortgage foreclosure action, a plaintiff has stand *775 ing where it is both the holder or assignee of the subject mortgage and the holder or assignee of the underlying note at the time the action is commenced” (Bank of N.Y. v Silverberg, 86 AD3d 274, 279 [2011]). The instant action, although not an action to foreclose the subject mortgage, was brought on behalf of the purported mortgagee, inter alia, for a judgment declaring the validity of the subject mortgage. The documentary evidence submitted by the appellant in support of her motion to dismiss the complaint established conclusively that the plaintiff was not the mortgagee, a fact which the plaintiff conceded. Thus, the Supreme Court should have granted those branches of the appellant’s motion which were pursuant to CPLR 3211 (a) (1) and (3) to dismiss the complaint on the ground that the plaintiff lacks standing to maintain the action
The plaintiff sought to defeat the appellant’s motion to dismiss the complaint by cross-moving, in effect, to amend the complaint to substitute U.S. Bank as the plaintiff. “[A]n amendment which would shift a claim from a party without standing to another party who could have asserted that claim in the first instance is proper since such an amendment, by its nature, does not result in surprise or prejudice to the defendants who had prior knowledge of the claim and an opportunity to prepare a proper defense” (JCD Farms v Juul-Nielsen, 300 AD2d 446, 446 [2002] [internal quotation marks omitted]; see Fulgum v Town of Cortlandt Manor, 19 AD3d 444, 445-446 [2005]; CPLR 1002 [a]; 3025 [b]). Here, however, the plaintiff failed to show that U.S. Bank had standing and could have asserted the claim in the first instance. The plaintiff submitted only a document executed by MERS, as nominee for the lender Opteum, purporting to assign the mortgage and note to U.S. Bank. To establish the validity of such an assignment, evidence must be submitted establishing that the note was either physically delivered to MERS or assigned to MERS by the lender prior to the commencement of the action (see Homecomings Fin., LLC v Guldi, 108 AD3d 506, 508 [2013]). The plaintiff failed to submit any such evidence. The plaintiff improperly submitted a copy of the note in reply papers (see King v Dobriner, 106 AD3d 1053, 1054 [2013]), which, in any event, failed to establish delivery of the note to MERS prior to the execution of the assignment, and failed to establish that U.S. Bank, as opposed to the plaintiff, possessed the note prior to the commencement of the action.
Moreover, deeming the plaintiff’s cross motion, as did the Supreme Court, to be pursuant to CPLR 1012 (a) (3) for leave to intervene, the proposed intervenor must establish a “real and substantial interest in the outcome of the proceedings” *776 (Wells Fargo Bank, N.A. v McLean, 70 AD3d 676, 677 [2010]; see American Home Mtge. Servicing, Inc. v Sharrocks, 92 AD3d 620, 621 [2012]). Since U.S. Bank failed to demonstrate that it was the holder or assignee of the subject mortgage and note, it failed to establish a real and substantial interest in this action. Accordingly, the Supreme Court should have denied the plaintiff’s cross motion. Mastro, J.P., Dillon, Angiolillo and Chambers, JJ., concur.