■ MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., as Nominee for ALLIANCE MORTGAGE BANKING CORP., its Successors and Assigns c/o EMC MORTGAGE CORPORATION, 909 Hidden Ridge Drive, Irving, TX 75038-3817, Appellant, v CAROLINE HOLMES et al., Respondents. [17 NYS3d 31]—

In an action to foreclose a mortgage, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Grays, J.), entered October 21, 2013, as denied its unopposed motion for leave to substitute U.S. Bank National Association as the named plaintiff, for leave to enter a default judgment against the defendants, for an order of reference, and to amend the caption and, sua sponte, directed the dismissal of the complaint without prejudice.

Ordered that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, directed the dis-

missal of the complaint without prejudice is deemed an application for leave to appeal from that portion of the order, and leave to appeal from that portion of the order is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and the plaintiff's unopposed motion for leave to substitute U.S. Bank National Association as the named plaintiff, for leave to enter a default judgment against the defendants, for an order of reference, and for leave to amend the caption, is granted, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.

On March 1, 2005, the plaintiff, Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), as nominee for Alliance Mortgage Banking Corp. (hereinafter Alliance), commenced this action to foreclose a mortgage encumbering certain residential property after the borrower, the defendant Caroline Holmes, defaulted on the repayment of her mortgage loan. Although Holmes answered the complaint pro se and, later, by counsel, served an amended answer, she never asserted the plaintiff's lack of standing as a defense. The remaining defendants failed to appear, except for the State of New York, which filed a notice of appearance, and waived all but certain filings such as the referee's report and transcripts of surplus money proceedings. In October 2012, the plaintiff and Holmes entered into a stipulation, pursuant to which Holmes agreed to withdraw her amended answer, including the defenses and counterclaims asserted therein, and to permit the action to proceed ex parte. Thereafter, on or about July 1, 2013, the plaintiff moved to substitute U.S. Bank National Association (hereinafter US Bank) as the plaintiff in place of MERS, as nominee for Alliance. The plaintiff also moved for leave to enter a default judgment, for an order of reference to compute the sums due under the note, and for leave to amend the caption.

In the order appealed from, the Supreme Court denied the plaintiff's unopposed motion, concluding that the plaintiff lacked standing. The court, sua sponte, directed the dismissal of the complaint.

The Supreme Court should have granted that branch of the plaintiff's unopposed motion which was for leave to substitute US Bank as the named plaintiff (*see United Fairness, Inc. v Town of Woodbury*, 113 AD3d 754, 755 [2014]). CPLR 1018 provides, in relevant part, that "[u]pon any transfer of interest, the action may be continued by or against the original parties, unless the court directs the person to whom the interest is

transferred to be substituted or joined in the action." "Leave to amend a pleading should be freely given (*see* CPLR 3025 [b]), provided the amendment is not palpably insufficient, does not prejudice or surprise the opposing party, and is not patently devoid of merit" (*Maspeth Fed. Sav. & Loan Assn. v Simon-Erdan*, 67 AD3d 750, 751 [2009], quoting *Ruby Land Dev. v Toussie*, 4 AD3d 518, 519 [2004]; *see United Fairness, Inc. v Town of Woodbury*, 113 AD3d at 755). Here, the substitution of US Bank as the plaintiff is proper since, by its nature, the substitution would not result in surprise or prejudice to the defendants (*see United Fairness, Inc. v Town of Woodbury*, 113 AD3d at 755; *Matter of Highland Hall Apts., LLC v New York State Div. of Hous. & Community Renewal*, 66 AD3d 678, 682 [2009]).

The Supreme Court also should have granted that branch of the plaintiff's motion which was for an order of reference. In support of its unopposed motion, the plaintiff submitted documentary proof showing that the defendants failed to answer the complaint within the time allowed, that the proposed substituted plaintiff was the holder of the mortgage and note, that Holmes defaulted thereon, and that, as a preliminary step in obtaining a judgment of foreclosure, the appointment of a referee to compute the amount due on the mortgage would be proper (*see* RPAPL 1321; *HSBC Bank USA, N.A. v Alexander*, 124 AD3d 838, 839 [2015]; *HSBC Bank USA, N.A. v Taher*, 104 AD3d 815, 816 [2013]; *Bank of N.Y. v Alderazi*, 99 AD3d 837, 837-838 [2012]; *Aurora Loan Servs., LLC v Shahmela Shah Sookoo*, 92 AD3d 705, 707 [2012]; *Emigrant Mtge. Co., Inc. v Fisher*, 90 AD3d 823, 824 [2011]).

Furthermore, the Supreme Court also erred in denying that branch of the plaintiff's unopposed motion which was for leave to enter a default judgment against the defendants. By submitting proof of service of a copy of the summons and complaint, proof of the facts constituting the claim, and proof of Holmes' withdrawal of her answer, as well as evidence of the other defendants' failures to answer or appear, or limited appearance, the plaintiff demonstrated its entitlement to a judgment of foreclosure and sale against the defendants (*see* CPLR 3215 [f]; *HSBC Bank USA, N.A. v Alexander*, 124 AD3d at 839-840; *U.S. Bank, N.A. v Razon*, 115 AD3d 739, 740 [2014]; *Mortgage Elec. Registration Sys., Inc. v Smith*, 111 AD3d 804, 806 [2013]; *Loaiza v Guzman*, 111 AD3d 608, 609 [2013]).

The Supreme Court abused its discretion in, sua sponte, directing the dismissal of the complaint for the plaintiff's lack of standing. A court's power to dismiss a complaint, sua sponte,

is to be used sparingly and only when extraordinary circumstances exist to warrant dismissal (*see HSBC Bank USA, N.A. v Taher*, 104 AD3d at 817; *see Aurora Loan Servs., LLC v Sobanke*, 101 AD3d 1065, 1066 [2012]; *U.S. Bank, N.A. v Emmanuel*, 83 AD3d 1047, 1048 [2011]). Here, the court was not presented with extraordinary circumstances warranting sua sponte dismissal of the complaint. Holmes had waived the defense of lack of standing by failing to assert it in her amended answer, which she withdrew in any event, the State waived the defense by serving and filing a limited notice of appearance, and the remaining defendants waived the defense by failing to appear or answer (*see Freedom Mtge. Corp. v Toro*, 113 AD3d 815 [2014]; *JP Morgan Mtge. Acquisition Corp. v Hayles*, 113 AD3d 821 [2014]; *HSBC Bank USA, N.A. v Taher*, 104 AD3d at 817; *Bank of N.Y. v Alderazi*, 99 AD3d at 838; *CitiMortgage, Inc. v Rosenthal*, 88 AD3d 759, 761 [2011]; *Wells Fargo Bank Minn., N.A. v Mastropaolo*, 42 AD3d 239, 242 [2007]). Furthermore, a party's lack of standing does not constitute a jurisdictional defect and does not warrant a sua sponte dismissal of the complaint by the court (*see Wells Fargo Bank, N.A. v Gioia*, 114 AD3d 766, 767 [2014]; *HSBC Bank USA, N.A. v Taher*, 104 AD3d at 817; *Bank of N.Y. v Alderazi*, 99 AD3d at 838; *U.S. Bank, N.A. v Emmanuel*, 83 AD3d at 1048-1049).

Accordingly, we reverse the order insofar as appealed from, grant the plaintiff's unopposed motion, and remit the matter to the Supreme Court, Queens County, for further proceedings on the complaint consistent with this order. Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.