D'Angelo v Kujawski (2018 NY Slip Op 05750)





D'Angelo v Kujawski


2018 NY Slip Op 05750


Decided on August 15, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 15, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
BETSY BARROS, JJ.


2017-09049
 (Index No. 620413/16)

[*1]Rose D'Angelo, respondent, 
v
Mark C. Kujawski, et al., appellants, et al., defendant.


Traub Lieberman Straus & Shrewsberry LLP, Hawthorne, NY (Hillary J. Raimondi of counsel), for appellants.
Joel J. Ziegler, PLLC, Smithtown, NY, for respondent.



DECISION & ORDER
In an action to recover damages for legal malpractice, the defendants Mark C. Kujawski and Kujawski & Kujawski appeal from an order of the Supreme Court, Suffolk County (James Hudson, J.), entered July 20, 2017. The order, insofar as appealed from, granted the plaintiff's cross motion for leave to amend the complaint to substitute herself in her capacity as the administrator of the Estate of Nicholas A. D'Angelo as the plaintiff and denied, as academic, the motion of the defendants Mark C. Kujawski and Kujawski & Kujawski pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
Nicholas D'Angelo (hereinafter the decedent), while a patient at the Northport Veterans Affairs Medical Center, died of cardiopulmonary arrest and respiratory failure. The decedent's mother, the plaintiff, as proposed administrator of the decedent's estate, executed a retainer agreement engaging the services of the defendant Kujawksi & Kujawski (hereinafter K & K) as trial counsel and another attorney as the attorney of record to prosecute a claim against the United States Department of Veterans Affairs (hereinafter the VA) to recover damages arising from the decedent's death. K & K filed a notice of claim on behalf of the plaintiff with the VA alleging that an adverse reaction to the medication prescribed to the decedent caused his death.
In November 2011, the Surrogate's Court issued letters of limited administration to the plaintiff for the decedent's estate. Thereafter, the VA denied the plaintiff's claim submitted by K & K. Subsequently, by letter dated December 20, 2013, the defendant Mark C. Kujawski, on behalf of K & K, informed the plaintiff that K & K had been unable to retain a suitable medical expert and, as a result, would no longer continue to represent her in the case. Thereafter, the plaintiff, pro se, commenced an action in the United States District Court for the Eastern District of New York (hereinafter the District Court) against the United States, inter alia, to recover damages for medical malpractice and wrongful death. An amended complaint was thereafter filed by counsel. The District Court dismissed the federal action, finding that the claims set forth in the amended complaint had not been presented to the VA in the notice of claim.
Thereafter, by summons and complaint dated and filed December 15, 2016, the plaintiff commenced this action to recover damages for legal malpractice against Kujawski, K & K (hereinafter together the appellants), and the other attorney who was engaged pursuant to the retainer agreement. The caption did not state that the plaintiff was suing in her capacity as the administrator of the decedent's estate. However, the complaint alleged that the plaintiff had been appointed administrator of the decedent's estate and detailed the history of the appellants' engagement to pursue a claim against the VA related to the decedent's death, and the eventual dismissal of the federal action by the District Court. The appellants moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them on the basis that the plaintiff, in her individual capacity, did not have a viable claim against them since the plaintiff engaged K & K in her capacity as the administrator of the decedent's estate. The plaintiff cross-moved for leave to amend the complaint to substitute herself in her representative capacity as the plaintiff in place of herself in her individual capacity.
The Supreme Court, inter alia, granted the plaintiff's cross motion for leave to amend the complaint and denied, as academic, the appellants' motion to dismiss the complaint insofar as asserted against them.
"Leave to amend the pleadings shall be freely given' absent prejudice or surprise resulting directly from the delay" (McCaskey, Davies & Assoc. v New York City Health & Hosps. Corp., 59 NY2d 755, 757, quoting CPLR 3025[b]; see Katz v Castlepoint Ins. Co., 121 AD3d 948, 950; Ryan v Town of Riverhead, 117 AD3d 707, 710; Long Is. Tit. Agency, Inc. v Frisa, 45 AD3d 649, 649). "Whether to grant such leave is within the . . . court's discretion, the exercise of which will not be lightly disturbed" (Pergament v Roach, 41 AD3d 569, 572).
"[A]n amendment which would shift a claim from a party without standing to another party who could have asserted that claim in the first instance is proper since such an amendment, by its nature, does not result in surprise or prejudice to the defendants who had prior knowledge of the claim and an opportunity to prepare a proper defense" (JCD Farms v Juul-Nielsen, 300 AD2d 446, 446 [internal quotation marks omitted]; see United Fairness, Inc. v Town of Woodbury, 113 AD3d 754, 755; Matter of Highland Hall Apts., LLC v New York State Div. of Hous. & Community Renewal, 66 AD3d 678, 682; Plotkin v New York City Tr. Auth., 220 AD2d 653, 654).
The Supreme Court providently exercised its discretion in granting the plaintiff leave to amend the complaint to substitute herself in her representative capacity as the plaintiff in place of herself in her individual capacity. The proposed amendment, which only sought to shift the causes of action from the plaintiff in her individual capacity to herself in her representative capacity, was proper since the allegations set forth in the complaint gave the appellants notice of the legal malpractice causes of action being asserted against them in the amended complaint (see United Fairness, Inc. v Town of Woodbury, 113 AD3d at 755; Matter of Highland Hall Apts., LLC v New York State Div. of Hous. & Community Renewal, 66 AD3d at 682; JCD Farms v Juul-Nielsen, 300 AD2d at 446; Plotkin v New York City Tr. Auth., 220 AD2d at 654). Moreover, the appellants' contention that they would be prejudiced by the amendment because the applicable statute of limitations had expired by the time the plaintiff sought leave to amend the complaint is without merit, since the original complaint was timely filed and gave the appellants notice of the transactions and occurrences pleaded in the amended complaint (see CPLR 203[f]; see also George v Mt. Sinai Hosp., 47 NY2d 170, 178; Wells Fargo Bank, N.A. v Eitani, 148 AD3d 193, 202).
Accordingly, the Supreme Court providently exercised its discretion in granting the plaintiff's cross motion for leave to amend the complaint and, in light of the amendment, properly denied, as academic, the appellants' motion to dismiss the complaint.
AUSTIN, J.P., ROMAN, COHEN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court