Catnap, LLC v Cammeby's Mgt. Co., LLC (2019 NY Slip Op 02309)





Catnap, LLC v Cammeby's Mgt. Co., LLC


2019 NY Slip Op 02309


Decided on March 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2017-00597
 (Index No. 507039/14)

[*1]Catnap, LLC, respondent, 
v
Cammeby's Management Company, LLC, et al., appellants.


Eustace, Marquez, Epstein, Prezioso & Yapchanyk, New York, NY (Timothy S. Carr of counsel), for appellants.
Kaplan, Williams & Graffeo, LLC, New York, NY (Brian P. Graffeo and Lauren J. Glozzy of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for injury to property, the defendants appeal from an order of the Supreme Court, Kings County (Martin M. Solomon, J.), dated January 12, 2017. The order, insofar as appealed from, denied the defendants' motion for summary judgment dismissing the complaint, with leave to renew upon the completion of discovery, and granted that branch of the plaintiff's motion which was for leave to amend the complaint to add an additional plaintiff.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff leased certain premises from 19-20 Industry City Associates, LLC (hereinafter 19-20 Industry City), and sublet such premises to CHS Group, Inc. (hereinafter CHS Group). The plaintiff commenced this action against the defendant Cammeby's Management Company, LLC, the defendant 19-20 Bush Terminal Owner, LP, as successor in interest to 19-20 Industry City, and another defendant. The complaint alleged, inter alia, that due to the defendants' negligence, breach of lease, and breach of the implied covenant of good faith, the plaintiff sustained damages to its property and improvements, was forced to vacate the premises, was forced to lose the value of its leasehold, was unable to use the premises for its intended purpose, and was otherwise caused to suffer damages to its business.
The defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff lacked standing to maintain the action. The plaintiff moved, among other things, for leave to amend the complaint to add CHS Group as an additional plaintiff. The Supreme Court, inter alia, denied the defendants' summary judgment motion, with leave to renew upon the completion of discovery, and granted that branch of the plaintiff's motion which was for leave to amend the complaint. The defendants appeal.
The defendants failed to satisfy their initial burden of demonstrating entitlement to judgment as a matter of law on the ground that the plaintiff lacked standing to maintain the action (see generally Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 772). "Standing to sue requires an interest in the claim at issue in the lawsuit that the law will recognize as a sufficient [*2]predicate for determining the issue at the litigant's request" (Caprer v Nussbaum, 36 AD3d 176, 182; see Wells Fargo Bank Minn., N.A. v Mastropaolo, 42 AD3d 239, 242). The transcript of the deposition of the plaintiff's managing member, submitted by the defendants to establish the plaintiff's alleged lack of standing, demonstrated that the plaintiff did not own the personal property for which it was seeking damages, and that the owners of the personal property were not actively seeking reimbursement from the plaintiff for this property. However, the plaintiff was not only seeking damages for the loss of personal property. The causes of action to recover damages allegedly sustained by the plaintiff also included damages in the form of the loss of the value of its leasehold, the loss of value of the leasehold for its intended business purposes, and the loss of business or profits, all allegedly caused by the defendants' negligence, breach of lease, and breach of implied covenant of good faith. Those allegations were not addressed by the defendants in their motion. Therefore, the defendants failed to establish that the plaintiff lacked standing to maintain this action.
The defendants' remaining arguments in support of their contention that the Supreme Court erred in denying their motion for summary judgment were improperly raised for the first time in the defendants' papers filed in reply to the plaintiff's opposition to the motion (see Gelaj v Gelaj, 164 AD3d 878; Castro v Durban, 161 AD3d 939, 941; Jackson v Vatter, 121 AD3d 1588, 1589; Mulligan v City of New York, 120 AD3d 1155, 1156). Moreover, to meet their prima facie burden, the defendants could not rely on evidence submitted for the first time in their reply papers (see L'Aquila Realty, LLC v Jalyng Food Corp., 103 AD3d 692, 692; Rengifo v City of New York, 7 AD3d 773; Adler v Suffolk County Water Auth., 306 AD2d 229, 230).
Accordingly, the defendants were not entitled to summary judgment dismissing the complaint, regardless of the sufficiency of the plaintiff's submissions in opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
"In the absence of prejudice or surprise to the opposing party, leave to amend a pleading should be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit" (Mannino v Wells Fargo Home Mtge., Inc., 155 AD3d 860, 862; see CPLR 3025[b]; CDx Labs., Inc. v Zila, Inc., 162 AD3d 972, 973). "Prejudice is more than the mere exposure of the [party] to greater liability'" (Kimso Apts., LLC v Gandhi, 24 NY3d 403, 411, quoting Loomis v Civetta Corinno Constr. Corp., 54 NY2d 18, 23). "Rather, there must be some indication that the [party] has been hindered in the preparation of [the party's] case or has been prevented from taking some measure in support of [its] position'" (Kimso Apts., LLC v Gandhi, 24 NY3d at 411, quoting Loomis v Civetta Corinno Constr. Corp., 54 NY2d 18, 23). The burden of establishing prejudice is on the party opposing the amendment (see Kimso Apts., LLC v Gandhi, 24 NY3d at 411).
"A claim asserted in an amended pleading is deemed to have been interposed at the time the claims in the original pleading were interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading" (CPLR 203[f]). The relation back doctrine "enables a plaintiff to correct a pleading error—by adding either a new claim or a new party—after the statutory limitations period has expired," and gives courts the "sound judicial discretion to identify cases that justify relaxation of limitations strictures . . . to facilitate decisions on the merits if the correction will not cause undue prejudice to the plaintiff's adversary" (Buran v Coupal, 87 NY2d 173, 177-178 [citation and internal quotation marks omitted]; see O'Halloran v Metropolitan Transp. Auth., 154 AD3d 83, 86).
Here, the Supreme Court providently exercised its discretion in permitting the plaintiff to amend the complaint to add CHS Group as an additional plaintiff, since the amendment did not result in surprise or prejudice to the defendants, who had prior knowledge of the claim and an opportunity to prepare a proper defense (see Fulgum v Town of Cortlandt Manor, 19 AD3d 444, 445-446; see also United Fairness, Inc. v Town of Woodbury, 113 AD3d 754, 755; JCD Farms v Juul-Nielsen, 300 AD2d 446, 446; New York State Thruway Auth. v CBE Contr. Corp., 280 AD2d 390, 390). Moreover, the branch of the plaintiff's motion which was for leave to amend the complaint to add CHS Group as a plaintiff was not barred by the applicable statute of limitations as [*3]the amendment related back to the original complaint. The substance of the claims of CHS Group and those of the plaintiff were virtually identical, the ad damnum clause was the same in the proposed amended complaint as in the original complaint, and CHS Group was closely related to the plaintiff (see Fulgum v Town of Cortlandt Manor, 19 AD3d at 446; see also Key Intl. Mfg. v Morse/Diesel, Inc., 142 AD2d 448, 458-459).
DILLON, J.P., LEVENTHAL, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court