HSBC Bank USA, N.A. v Caesar

2026 NY Slip Op 02830

May 6, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

HSBC Bank USA, N.A., etc., respondent,

v

Francis M. Caesar, et al., appellants, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 6, 2026

2022-00639, (Index No. 70104/15)

Angela G. Iannacci, J.P.

Cheryl E. Chambers

Lillian Wan

Janice A. Taylor, JJ.

Francis M. Caesar, Chappaqua, NY, appellant pro se and for appellant Lisa Caesar.

Greenberg Traurig, LLP, New York, NY (Leah N. Jacob and Adam Hartley of counsel), for respondent.

[*1]

DECISION & ORDER

In an action, inter alia, to foreclose a mortgage, the defendants Francis M. Caesar and Lisa Caesar appeal from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Westchester County (Joan B. Lefkowitz, J.), dated May 21, 2019. The order and judgment of foreclosure and sale, insofar as appealed from, upon an order of the same court dated May 13, 2016, among other things, in effect, granting the plaintiff's motion for leave to amend the complaint, upon an order of the same court dated August 16, 2016, inter alia, denying that branch of the motion of the defendants Francis M. Caesar and Lisa Caesar which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them, upon an order of the same court dated February 10, 2017, among other things, denying that branch of the cross-motion of the defendants Francis M. Caesar and Lisa Caesar which was for summary judgment dismissing the complaint insofar as asserted against them, upon a decision of the same court dated January 19, 2018, made after a nonjury trial, and upon an order of the same court dated May 21, 2019, granting the plaintiff's motion for a judgment of foreclosure and sale, directed the sale of the subject property.

ORDERED that the order and judgment of foreclosure and sale is affirmed insofar as appealed from, with costs.

In March 2011, U.S. Bank National Association (hereinafter U.S. Bank) commenced this action against the defendants Francis M. Caesar and Lisa Caesar (hereinafter together the defendants), among others, inter alia, to foreclose a mortgage on certain real property located in Chappaqua. The defendants interposed an answer with affirmative defenses, alleging lack of standing and personal jurisdiction, as well as various counterclaims.

The defendants subsequently moved pursuant to CPLR 6514 to cancel a notice of pendency on the ground that they were not properly served with process. The Supreme Court directed a hearing to determine the validity of service of process and, by order dated November 18, 2014, directed dismissal of the complaint for lack of personal jurisdiction. The defendants moved for leave to reargue their prior motion pursuant to CPLR 6514 to cancel the notice of pendency, asserting that they had not sought dismissal of the complaint but merely cancellation of the notice of pendency. The court granted reargument and, upon reargument, canceled the notice of pendency, and granted the defendants' separate motion to restore the action.

Thereafter, by order dated May 13, 2016, the Supreme Court, in effect, granted the motion of HSBC Bank USA, N.A. (hereinafter HSBC) for leave to amend the complaint so as to replace U.S. Bank with HSBC, which latter entity, it was alleged, was the actual owner and holder of the note and mortgage at the time the action was commenced just more than five years earlier.

The defendants subsequently moved, among other things, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction, which relief was denied in an order dated August 16, 2016, and cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them on that same ground, which relief was also denied in an order dated February 10, 2017.

A nonjury trial was conducted, and in a decision dated January 19, 2018, the Supreme Court determined, among other things, that HSBC had standing to maintain the action and that it had established its entitlement to foreclose on the mortgage. Thereafter, in an order dated May 21, 2019, the court granted HSBC's motion for a judgment of foreclosure and sale. On the same date, the court issued an order and judgment of foreclosure and sale, inter alia, directing the sale of the property. The defendants appeal.

Contrary to the defendants' contention, the Supreme Court did not improvidently exercise its discretion by, in effect, granting HSBC's motion for leave to amend the complaint. Leave to amend a pleading should be freely given absent prejudice or surprise to the opposing party, unless the proposed amendment is palpably insufficient or patently devoid of merit (see CPLR 3025[b]). Here, the proposed amendment, which "sought to shift the claims from the [initial] plaintiff to a party who could have asserted those claims in the first instance, is proper, since 'such an amendment, by its nature, did not result in surprise or prejudice to the [defendants], who had prior knowledge of the claim[s] and an opportunity to prepare a proper defense'" (United Fairness, Inc. v Town of Woodbury, 113 AD3d 754, 755, quoting Fulgum v Town of Cortlandt Manor, 19 AD3d 444, 446; see Catnap, LLC v Cammeby's Mgt. Co., LLC, 170 AD3d 1103, 1106; JCD Farms v Juul-Nielsen, 300 AD2d 446, 446).

The Supreme Court also properly denied that branch of the defendants' motion which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction and that branch of their cross-motion which was for summary judgment dismissing the complaint insofar as asserted against them on the same ground. Pursuant to CPLR 3211(e), the defendants were required to move to dismiss the complaint for lack of proper service within 60 days following the service of their answer, in 2013, unless an extension of time was warranted on the ground of undue hardship. Not only did the defendants fail to move for that relief until 2016, they had previously eschewed such relief, moving for leave to reargue and moving to restore the action after the action was dismissed for lack of personal jurisdiction. Since the defendants presented no undue hardship that prevented them from moving within the required 60-day period, the jurisdictional objection was waived, and that branch of the defendants' motion which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction and that branch of the defendants' cross-motion which was for summary judgment dismissing the complaint insofar as asserted against them on the same ground were properly denied (see Deutsche Bank Natl. Trust Co. v Jorgensen, 185 AD3d 784).

The defendants additionally challenge the determination made after trial that HSBC established its standing to maintain the action. In reviewing a determination made after a nonjury trial, this Court's power is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, taking into account in a close case that the trial court had the advantage of seeing and hearing the witnesses (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499; Bank of Am., N.A. v Bloom, 202 AD3d 736, 737). A plaintiff has standing where it is the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; U.S. Bank N.A. v Hadar, 206 AD3d 688, 689). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the . . . action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (Dyer Trust 2012-1 v Global World Realty, Inc., 140 AD3d 827, 828; see U.S. Bank N.A. v Hadar, 206 AD3d at 689).

Here, the testimony and evidence adduced by HSBC at trial established that it had physical possession of the note, endorsed in blank, through its custodian and servicer, PHH Mortgage Services, at the time the action was commenced. Contrary to the defendants' contention, HSBC was not required to prove that U.S. Bank had standing to commence the action, as this is not a case in which the note was assigned by the initial named plaintiff after commencement of the action (cf. Arch Bay Holdings, LLC v Albanese, 146 AD3d 849, 852). Rather, HSBC demonstrated that it was the party with standing from the commencement of the action.

The defendants' remaining contentions are without merit.

Accordingly, we affirm the order and judgment of foreclosure and sale insofar as appealed from.

IANNACCI, J.P., CHAMBERS, WAN and TAYLOR, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court